Exhibit A

**Benjamin Phillips**

| | |
|---|---|
| **From:** | Sanden, Mary <MarySanden@dwt.com> |
| **Sent:** | Tuesday, May 11, 2021 6:46 PM |
| **To:** | Benjamin Phillips |
| **Cc:** | lojal@aol.com; Rosen, Katie |
| **Subject:** | RE: Saevik v. Swedish |

Hi Ben,

Thanks for the update on Dr. Brown's records.  We'll issue a subpoena for them but first – please confirm that you are waiving the 14-day notice period required by the Washington Uniform Health Care Act in our subpoenaing of records from Cathy A. Brown, M.D.

To clarify your projected ESI production date, did you mean to write "May 17" instead of "May 19"?  May 17 is the date you stated your office would produce the ESI, in your May 4 email recapping our conferral and following your prior delays at running searches and reviewing/finalizing your ESI production.  Our date for Ms. Saevik's May 27 deposition (which you still have not confirmed) is contingent on our receipt of ESI no later than May 17.  As we have repeatedly stated, we need to receive both your client's ESI and all medical records well in advance of her deposition, and a May 19 production date does not provide us with sufficient time to review these documents and prepare for Ms. Saevik's deposition.

If you are again delaying your production of ESI to May 19 and because we now need to subpoena Dr. Brown's records, we will need to reschedule Ms. Saevik's deposition.  Given the depositions of Mr. Honey, Ms. Popa, and Ms. Madsen that you have already set in late May/early June and other scheduling conflicts including your trial dates, Ms. Saevik's deposition may need to be set during the second week of June.  Although the current discovery deadline is June 7, my expectation is we'll be able to reach an agreement on a deposition date occurring shortly after this deadline in light of the foregoing, but please confirm.  Furthermore, we do not agree to schedule any additional depositions, including the depositions of Ms. Kroeker and the 30(b)(6) deposition/s until we find a suitable date for Ms. Saevik's deposition which we agreed to prioritize months ago.

With regard to the content of your client's ESI, we agree you should not produce privileged material, but can you provide us authority supporting your statement that communications between your client and her union representatives are privileged so we can evaluate your position on this? And regarding the 30(b)(6) deposition topics, my understanding is the parties agreed that a Swedish designee will be prepared to discuss the following topics: Topics 1, 2, 4, 8, and 18, and the specifics of what the Swedish designee/s will discuss on each of these topics is detailed in our March 4, 2021 letter.  Because we did not finish conferring on all of the 30b6 topics and we also agreed to table a number of topics during our March 8 conferral, we will need to finish conferring on any Topics beyond 1, 2, 4, 8, and 18 if you would like to conduct a 30b6 deposition on them and ask that you send us an updated 30b6 deposition notice for those topics as we previously requested on March 25 and April 12.

In light of the above, I think it makes sense to adjust the case deadlines by a month or two to allow sufficient time for us to receive the outstanding ESI and medical records, and for the parties to prepare for and schedule the remaining depositions.  Let me know if you agree.

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

1

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Saturday, May 8, 2021 9:18 AM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>
**Subject:** Re: Saevik v. Swedish

**[EXTERNAL]**

Hi Mary,

I wanted to inform you that Dr. Brown has not responded to our office's messages either. (Since Katie suggested in December that we request the medical records, review in advance for medical privileged information, and then produce to defense - in those steps - which Judith found acceptable.)

In light of the Stipulated Protective Order the parties entered jointly last August, (Dkt. 20, 8/11/2020), and your firm assistance on obtaining Dr. Brown's records prior to deposing Shannon, that Judith and I are comfortable with you moving to subpoena Dr. Brown's records, and we will not oppose or move to quash.

Our ESI search is apace for projected production date of May 19.

Best Regards,


Benjamin Phillips
Associate Attorney

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Office: 206-622-2086
Ben's cell: 206-484-0322


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

Exhibit B

## Benjamin Phillips

| | |
|---|---|
| **From:** | Benjamin Phillips |
| **Sent:** | Monday, May 03, 2021 5:52 PM |
| **To:** | 'Sanden, Mary' |
| **Cc:** | 'lojal@aol.com'; Arya Nazari; Kris LeClaire; Phil Ammons; 'Moe, Tabitha'; 'Marsh, Eric'; 'Wojcik, Lorraine'; 'Rosen, Katie'; 'Lehmann, Paula' |
| **Subject:** | RE: Saevik v. Swedish, et al. - Notices of Deposition |

Mary,

I haven't heard back from you regarding deposition dates or willingness to accept service of process on the individuals named below. That is: Patricia Kemerley, Rob Honey, Rella Madsen, and Victoria Popa. We will also be noting the deposition of Alana Kroeker.

Regarding ESI, consider narrowing the search terms and time period to the within the scope of this case. Otherwise, the hits we get are much too broad and we will have consider filing a protective order. Instead, and what I think you will also prefer, is for us to collaborate on devising a more narrowly devised search terms and time parameters.

Shannon is available for deposition June 2, 3, or 4.

Thank you.

Respectfully,

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Benjamin Phillips
**Sent:** Thursday, April 29, 2021 8:50 AM
**To:** 'Sanden, Mary'
**Cc:** 'lojal@aol.com'; Arya Nazari; Kris LeClaire; Phil Ammons; Moe, Tabitha; Marsh, Eric; Wojcik, Lorraine; Rosen, Katie; Lehmann, Paula
**Subject:** RE: Saevik v. Swedish, et al. - Notices of Deposition

Thanks for the message. Anticipate my unavailability May 10-19. (Trial.) We telephoned the attorney in Chicago below and he denied representing Ms. Kemerley. Dr. Brown's medical file has been requested multiple times and will be followed up on today. As I stated in an email to you last month, Ms. Saevik has already produced over 1000 documents, and the hits generated by the ESI search term list return hits nonresponsive to discovery. I am conferring with my paralegal today to follow up on these matters for you just the same.

Thanks.

Respectfully,

1

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Wednesday, April 28, 2021 4:27 PM
**To:** Benjamin Phillips
**Cc:** 'lojal@aol.com'; Arya Nazari; Kris LeClaire; Phil Ammons; Moe, Tabitha; Marsh, Eric; Wojcik, Lorraine; Rosen, Katie; Lehmann, Paula
**Subject:** Re: Saevik v. Swedish, et al. - Notices of Deposition

Hi Ben,

Rob Honey and Patricia Kemerley are former employees and Victoria Popa is a non-managerial employee, so they'll need subpoenas for their depositions. I believe Rella Madsen is a current managerial employee at Swedish, but I am confirming this. We cannot accept service of Ms. Kemerley's subpoena; she has hired an attorney in Illinois to represent her in her deposition – Robert Callahan at Robert J Callahan | Chicago, IL Criminal Defense Lawyer | Attorney (defenselawyersite.com). I'm checking on whether Mr. Honey and Ms. Popa will authorize us to accept service of a subpoena for their depositions. We'll also let you know their availability – and Ms. Madsen's availability – for deposition dates.

In the meantime, please let me know when you'll be producing your client's ESI. You mentioned a few weeks ago that you were in the process of reviewing the documents with your client, but we have not received an update since then. Are you able to produce by the end of this week or early next week? Please also let me know if there are additional medical records you're planning to forward on to us. I don't believe we received your client's records from Federal Way Center for Counseling – Cathy Brown, yet. We'll need all the ESI and any additional medical records before we take your client's deposition. To that end, please let me know if there are dates in May that do not work for you and your client for her deposition, so we can get that scheduled as well.

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Tuesday, April 27, 2021 2:45 PM
**To:** Sanden, Mary <MarySanden@dwt.com>; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Markosova, Kristina <KristinaMarkosova@dwt.com>; Wojcik, Lorraine <LorraineWojcik@dwt.com>; Lingenbrink, Lauree <LaureeLingenbrink@dwt.com>; Marsh, Eric <ericmarsh@dwt.com>; Moe, Tabitha <TabithaMoe@dwt.com>; March, Renee <ReneeMarch@dwt.com>
**Cc:** 'lojal@aol.com'; Arya Nazari <Arya@lonnquistlaw.com>; Kris LeClaire <Kris@lonnquistlaw.com>; Phil Ammons

<phil@lonnquistlaw.com>
**Subject:** FW: Re: Saevik v. Swedish, et al. - Notices of Deposition

**[EXTERNAL]**

Counsel—

Please confirm your acceptance of service of the attached deposition notices. Just left you a VM pertaining to same. Looking forward to working with your office to set these depositions at dates/times convenient for your schedule.

Thanks.

Respectfully,

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Benjamin Phillips
**Sent:** Sunday, April 25, 2021 11:29 PM
**To:** 'Sanden, Mary'; Rosen, Katie; 'Lehmann, Paula'; 'Wojcik, Lorraine'; 'Lingenbrink, Lauree'; 'Moe, Tabitha'; 'March, Renee'
**Cc:** 'lojal@aol.com'; Arya Nazari; Kris LeClaire
**Subject:** Re: Saevik v. Swedish, et al. - Notices of Deposition

Counsel—
Please find attached Notices of Deposition.

Respectfully,

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

Exhibit C

## Benjamin Phillips

| | |
|---|---|
| **From:** | Benjamin Phillips |
| **Sent:** | Wednesday, May 12, 2021 12:26 PM |
| **To:** | 'Sanden, Mary' |
| **Cc:** | lojal@aol.com; Rosen, Katie; Lehmann, Paula; Phil Ammons; Arya Nazari |
| **Subject:** | FW: Thoughts? I have not sent yet |

Mary –
Thanks for your thoughtful responses. Answers in bold below.

Respectfully,

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Tuesday, May 11, 2021 6:46 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie
**Subject:** RE: Saevik v. Swedish

Hi Ben,

Thanks for the update on Dr. Brown's records.  We'll issue a subpoena for them but first – please confirm that you are waiving the 14-day notice period required by the Washington Uniform Health Care Act in our subpoenaing of records from Cathy A. Brown, M.D.
**I have to research this statute. I neglected to mention that we will need an "Attorney's Eye's Only" on the subpoenaed records for Shannon's protection. This should be noncontroversial.**

To clarify your projected ESI production date, did you mean to write "May 17" instead of "May 19"?  May 17 is the date you stated your office would produce the ESI, in your May 4 email recapping our conferral and following your prior delays at running searches and reviewing/finalizing your ESI production.  Our date for Ms. Saevik's May 27 deposition (which you still have not confirmed) is contingent on our receipt of ESI no later than May 17.  As we have repeatedly stated, we need to receive both your client's ESI and all medical records well in advance of her deposition, and a May 19 production date does not provide us with sufficient time to review these documents and prepare for Ms. Saevik's deposition.
**We are working quickly and diligently. As a small firm,  without an army of document review attorneys, I cannot guarantee the exact date review will be complete, but May 17-19 as discussed should be fine such that you have at least 10 days before Shannon's deposition as I guaranteed. This is a burdensome for a client such Shannon with the cards stacked against her by an employer of the size and sophistication of SMC/Providence, but we are committed to conducting our diligence and getting this out to you on time.**

1

**Let's try to make May 27 and June 1 work for scheduling SMC's dep pursuant to Rule 30(b)(6) and Shannon's dep. I am  not opposed to allowing you to depose Shannon between June 8 and 11.**

If you are again delaying your production of ESI to May 19 and because we now need to subpoena Dr. Brown's records, we will need to reschedule Ms. Saevik's deposition.  Given the depositions of Mr. Honey, Ms. Popa, and Ms. Madsen that you have already set in late May/early June and other scheduling conflicts including your trial dates, Ms. Saevik's deposition may need to be set during the second week of June.  Although the current discovery deadline is June 7, my expectation is we'll be able to reach an agreement on a deposition date occurring shortly after this deadline in light of the foregoing, but please confirm.  Furthermore, we do not agree to schedule any additional depositions, including the depositions of Ms. Kroeker and the 30(b)(6) deposition/s until we find a suitable date for Ms. Saevik's deposition which we agreed to prioritize months ago.

**We have another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week. My preference is to wind this up. We can set Alana for anytime before June 11 as well. Let's try to resolve and set these dates today.**

With regard to the content of your client's ESI, we agree you should not produce privileged material, but can you provide us authority supporting your statement that communications between your client and her union representatives are privileged so we can evaluate your position on this? And regarding the 30(b)(6) deposition topics, my understanding is the parties agreed that a Swedish designee will be prepared to discuss the following topics: Topics 1, 2, 4, 8, and 18, and the specifics of what the Swedish designee/s will discuss on each of these topics is detailed in our March 4, 2021 letter.  Because we did not finish conferring on all of the 30b6 topics and we also agreed to table a number of topics during our March 8 conferral, we will need to finish conferring on any Topics beyond 1, 2, 4, 8, and 18 if you would like to conduct a 30b6 deposition on them and ask that you send us an updated 30b6 deposition notice for those topics as we previously requested on March 25 and April 12.
**Agreed.**

In light of the above, I think it makes sense to adjust the case deadlines by a month or two to allow sufficient time for us to receive the outstanding ESI and medical records, and for the parties to prepare for and schedule the remaining depositions.  Let me know if you agree.
**Unnecessary, I think, but thanks for the offer. We will consider. However, Client's instructions are not to disturb the case schedule if that would affect trial date.**

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Saturday, May 8, 2021 9:18 AM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>
**Subject:** Re: Saevik v. Swedish

[EXTERNAL]

Hi Mary,

I wanted to inform you that Dr. Brown has not responded to our office's messages either. (Since Katie suggested in December that we request the medical records, review in advance for medical privileged information, and then produce to defense - in those steps - which Judith found acceptable.)

In light of the Stipulated Protective Order the parties entered jointly last August, (Dkt. 20, 8/11/2O20), and your firm assistance on obtaining Dr. Brown's records prior to deposing Shannon, that Judith and I are comfortable with you moving to subpoena Dr. Brown's records, and we will not oppose or move to quash.

Our ESI search is apace for projected production date of May 19.

Best Regards,


Benjamin Phillips
Associate Attorney

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Office: 206-622-2086
Ben's cell: 206-484-0322


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

# Exhibit D

## Benjamin Phillips

| | |
|---|---|
| **From:** | Benjamin Phillips |
| **Sent:** | Thursday, May 13, 2021 6:32 PM |
| **To:** | 'Sanden, Mary' |
| **Cc:** | lojal@aol.com; Rosen, Katie; Lehmann, Paula; Arya Nazari; Phil Ammons |
| **Subject:** | RE: Saevik v. Swedish - ESI/Depositions |
| **Attachments:** | Updated 5-13-21 Subpoena - Victoria Popa.pdf; 5-13-21 Amended M. Hart M.D.remote.pdf; Updated 5-13-21 Subpoena - Marquis Hart.pdf |

Thanks Mary.

Responses in boldface. Also attached are Subpoenae and Amended Notice to Hart.


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com


**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Thursday, May 13, 2021 1:52 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Phil Ammons; Arya Nazari
**Subject:** Saevik v. Swedish - ESI/Depositions

Hi Ben,

Please let me know as soon as possible if you'll waive the 14-day notice period for our subpoenaing of Dr. Brown's records.  If you do not agree to waive it, we will likely not receive records until sometime in June and, as I've repeatedly mentioned, we need time to review all of your client's records well in advance of her deposition.  With regard to the subpoenaed records you'd like to designate as attorney's eyes only, I assume you're referring to Dr. Brown's records.  The parties already agreed – in Section 2 of the Stipulated Protective Order entered by the Court – that your client's medical records would be designated confidential (not AEO).  Given this Order, we see no basis for you to now change course and designate Dr. Brown's records as AEO particularly since our client is entitled to understand the harm they allegedly caused your client.

**Attorneys Eyes Only designation is to prevent Ms. Day from viewing Shannon's confidential medical records. That allegation is central to this case. Judith has articulated the position, which I find persuasive that you her attorneys should be able to view the records in order to prepare Ms. Day's defense, but not given Bekki Day's hostility toward Shannon. As you recall, Bekki berated Shannon repeatedly (making comments of the sort: "Your brain in f----- mush," and the like), sought out Shannon's (and her sons') medical charts in violation of HIPAA, so that *she* could determine if Shannon's grounds for her time-off requests were legitimate. Because Bekki tried to access Shannon's privileged medical records on prior occasions, by illegal means, it is inconceivable that Shannon should accede to allow Bekki review her records through legal process this way. Bekki is a defendant, but is no longer with Swedish, and was**

1

dismissed from Swedish. Therefore, we would ask you (or the court) to erect some type of ethical wall between records accessible to Swedish (where indeed, Shannon is still a patient) and Bekki for Shannon's protection. If you don't want to stamp the docs with Atty's Eyes Only, to prevent Bekki from viewing by legal means, what she was legally barred from viewing before Shannon filed suit, then our hands will be forced to seek that protection for Shannon from the Court.

We have thoroughly considered both sides of the issue, including the policy disincentive to folks like Shannon from filing suit at all when their employer illegally views their private medical information. It means that Shannon is caught in a Catch-22: Bekki her manager takes it upon herself to  read review Shannon's medical record without no authority, Shannon seeks legal recourse, and by doing so is forced to disclose the very record that she filed suit in order to shield from her manager's view? That is nonsensical, and Swedish dismissed Bekki for that very act.

We think that rather than involve the court, if you can get Cathy Brown to respond to subpoena, we can work together to best guarantee Shannon's privacy, and the contents of those therapy records, that they will only be reviewed by Swedish and Bekki's <u>Attorneys</u> in preparation of a defense, then and only under those conditions then, defense's subpoena of Shannon's therapy records will be unopposed.

Call us if you want to collaborate further on this essential nub of the case. We have thought about it and concluded that the AEO provision (in addition to the existing PO) would best put to rest these privacy and equity challenges.

Given that you cannot guarantee we will receive ESI by May 17, we will need to schedule your client's deposition in June (alternatively, we will depose her on May 27 and continue her deposition once we receive and review all the records we have been requesting for months).  I am not clear based on your email if June 8 to 11 works on your end for your client's deposition; you first state these dates work, but subsequently state that you have "another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week." Does June 8 through 11 work on your end, or no?  Unless we hear otherwise from you by Friday, we will issue a deposition notice for your client's deposition to take place on June 11.

Scheduling conflicts are June 14th and thereafter. No objection to June 11 dep. Checking with Shannon now to clear the date.

Please also clarify to what you "agree" regarding my request for authority on your claim of union privilege as well as the 30(b)(6) depositions.  We would like to review this authority as soon as possible so we can determine whether we'll need to involve the court.  Please also let us know exactly which 30(b)(6) topics you intend to move forward on so we can continue conferring as necessary and designate witnesses.

Yes, these topics I am working on today while Arya is working diligently on your ESI production (and who incidentally is reading law like Abe Lincoln per WSBA guidelines). Actually, we are moving more quickly than anticipated, but thorough document review for relevance, responsiveness, privilege review, and QC steps, etc., can be exceedingly time-consuming to perform properly. That being said I think we can guarantee production by May 18.

Finally, we note that you disclosed Christina Tapia as an economist expert but have not yet produced her expert report.  We think it makes the most sense to depose her after we've had a chance to review her report.  Please confirm that you agree we can depose Ms. Tapia once she produces her expert report, even if this occurs after the discovery deadline.

You can depose Dr. Tapia after the deadline. Arya communicated with her office last week, specifically a two-week deadline, which I believe puts us around May 24. I can't guarantee her availability for dep without checking with her staff. If Dr. Tapia is available Tues., June 15, would that date work for you?

Given the number of outstanding issues we already have and the new issues that are arising, I believe a short continuance is necessary. We have actively worked with you to already schedule six depositions of current and former Swedish employees, responded to multiple discovery requests (and are currently in the midst of responding to your client's 4th RFPs), and timely produced thousands of pages of ESI. Meanwhile, you still have not provided your client's availability for her own deposition – which we agreed to prioritize, have delayed for months in producing ESI that you reportedly have been searching since December and only now, in the final month of discovery and weeks before we've indicated wanting to take your client's deposition, state that we're now responsible for collecting medical records that you insisted, also in December, on collecting yourself. These delays are actively preventing our ability to get discovery and are interfering with our ability to prepare this case for trial. We'd like to work with you to reach an agreement on a continuance, but if we're unable to do so, we'll be filing a motion informing the Court of your client's unreasonable and prejudicial delays.

**I think we've discussed allowing you to depose Shannon either May 27, June 1, or June 11, per above. I have already guaranteed June 1 several times is Shannon's preference. Shannon has medical appointments and follow tests set for May 24-25. Sometimes they require additional follow up. I don't want her deposed when she is groggy, and in your shoes, I wouldn't want to depose an adverse witness in such a state. (You can if you want to, and now we have a record for the reason for any testimonial inconstancies between deposition and trial.) After the 3-day weekend is better for both parties, wouldn't you agree?**

**We produced thousands of documents to your office in the Fall. Most of ESI is going to be duplicative of what has already been produced by both sides. If Therapist Cathy Brown (a third party) won't respond to my requests so that I may perform a privilege review in accordance with Katie Rosen's offer in December, and which I've complied with 200% (making a voluminous production in March, and a timely supplement in April) then—just the opposite— it is unreasonable and prejudicial to Shannon me to allow defense to gain access to the most private and privileged of Shannon's medical records, her therapist notes from sessions with Shannon.**

**It's certainly not prejudicial to Defendants to allow defense counsel "first bite at the apple" to review Shannon's therapy records before Shannon's counsel.**

**Will you confirm now that you accept confirmation of service on Marquis Hart MD? I understand he is now practices in California. With your confirmation of acceptance of service, we will send Notice and Subpoena to forward on to Dr. Hart. Proposing 10:30 a.m., June 4, same day you already confirmed availability, have the zoom link, and court reporter is reserved.**

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Wednesday, May 12, 2021 12:26 PM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Phil Ammons <phil@lonnquistlaw.com>; Arya Nazari <Arya@lonnquistlaw.com>
**Subject:** FW: Thoughts? I have not sent yet

**[EXTERNAL]**

Mary –
Thanks for your thoughtful responses. Answers in bold below.

Respectfully,

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Tuesday, May 11, 2021 6:46 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie
**Subject:** RE: Saevik v. Swedish

Hi Ben,

Thanks for the update on Dr. Brown's records. We'll issue a subpoena for them but first – please confirm that you are waiving the 14-day notice period required by the Washington Uniform Health Care Act in our subpoenaing of records from Cathy A. Brown, M.D.
**I have to research this statute. I neglected to mention that we will need an "Attorney's Eye's Only" on the subpoenaed records for Shannon's protection. This should be noncontroversial.**

To clarify your projected ESI production date, did you mean to write "May 17" instead of "May 19"? May 17 is the date you stated your office would produce the ESI, in your May 4 email recapping our conferral and following your prior delays at running searches and reviewing/finalizing your ESI production. Our date for Ms. Saevik's May 27 deposition (which you still have not confirmed) is contingent on our receipt of ESI no later than May 17. As we have repeatedly stated, we need to receive both your client's ESI and all medical records well in advance of her deposition, and a May 19 production date does not provide us with sufficient time to review these documents and prepare for Ms. Saevik's deposition.
**We are working quickly and diligently. As a small firm, without an army of document review attorneys, I cannot guarantee the exact date review will be complete, but May 17-19 as discussed should be fine such that you have at least 10 days before Shannon's deposition as I guaranteed. This is a burdensome for a client such Shannon with the cards stacked against her by an employer of the size and sophistication of SMC/Providence, but we are committed to conducting our diligence and getting this out to you on time.**

**Let's try to make May 27 and June 1 work for scheduling SMC's dep pursuant to Rule 30(b)(6) and Shannon's dep. I am not opposed to allowing you to depose Shannon between June 8 and 11.**

If you are again delaying your production of ESI to May 19 and because we now need to subpoena Dr. Brown's records, we will need to reschedule Ms. Saevik's deposition. Given the depositions of Mr. Honey, Ms. Popa, and Ms. Madsen that you have already set in late May/early June and other scheduling conflicts including your trial dates, Ms. Saevik's deposition may need to be set during the second week of June. Although the current discovery deadline is June 7, my expectation is we'll be able to reach an agreement on a deposition date occurring shortly after this deadline in light of the foregoing, but please confirm. Furthermore, we do not agree to schedule any additional depositions, including the depositions of Ms. Kroeker and the 30(b)(6) deposition/s until we find a suitable date for Ms. Saevik's deposition which we agreed to prioritize months ago.

**We have another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week. My preference is to wind this up. We can set Alana for anytime before June 11 as well. Let's try to resolve and set these dates today.**

With regard to the content of your client's ESI, we agree you should not produce privileged material, but can you provide us authority supporting your statement that communications between your client and her union representatives are privileged so we can evaluate your position on this? And regarding the 30(b)(6) deposition topics, my understanding is the parties agreed that a Swedish designee will be prepared to discuss the following topics: Topics 1, 2, 4, 8, and 18, and the specifics of what the Swedish designee/s will discuss on each of these topics is detailed in our March 4, 2021 letter.  Because we did not finish conferring on all of the 30b6 topics and we also agreed to table a number of topics during our March 8 conferral, we will need to finish conferring on any Topics beyond 1, 2, 4, 8, and 18 if you would like to conduct a 30b6 deposition on them and ask that you send us an updated 30b6 deposition notice for those topics as we previously requested on March 25 and April 12.
**Agreed.**

In light of the above, I think it makes sense to adjust the case deadlines by a month or two to allow sufficient time for us to receive the outstanding ESI and medical records, and for the parties to prepare for and schedule the remaining depositions.  Let me know if you agree.
**Unnecessary, I think, but thanks for the offer. We will consider. However, Client's instructions are not to disturb the case schedule if that would affect trial date.**

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Saturday, May 8, 2021 9:18 AM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>
**Subject:** Re: Saevik v. Swedish

**[EXTERNAL]**

Hi Mary,

I wanted to inform you that Dr. Brown has not responded to our office's messages either. (Since Katie suggested in December that we request the medical records, review in advance for medical privileged information, and then produce to defense - in those steps - which Judith found acceptable.)

In light of the Stipulated Protective Order the parties entered jointly last August, (Dkt. 20, 8/11/2020), and your firm assistance on obtaining Dr. Brown's records prior to deposing Shannon, that Judith and I are comfortable with you moving to subpoena Dr. Brown's records, and we will not oppose or move to quash.

Our ESI search is apace for projected production date of May 19.

Best Regards,


Benjamin Phillips
Associate Attorney

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Office: 206-622-2086
Ben's cell: 206-484-0322


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

# Exhibit E

## Benjamin Phillips

| | |
|---|---|
| **From:** | Benjamin Phillips |
| **Sent:** | Tuesday, May 18, 2021 11:51 AM |
| **To:** | 'Sanden, Mary' |
| **Cc:** | lojal@aol.com; Rosen, Katie; Lehmann, Paula; Arya Nazari; Phil Ammons |
| **Subject:** | RE: Saevik v. Swedish - ESI/Depositions |

Responses point-by-point **in bold** below. Thanks. – Ben


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com


**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Monday, May 17, 2021 12:56 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Arya Nazari; Phil Ammons
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

Hi Ben,

We disagree that Ms. Day inappropriately, much less illegally, accessed the medical records of Ms. Saevik or her children and no evidence – including the testimony of any witnesses (including Ms. Day) – indicates otherwise.  Furthermore, we disagree and Ms. Day confirmed during her deposition, that her separation from Swedish is wholly unrelated to interactions with or allegations by your client, including your client's allegation of Ms. Day's improper access to her medical records.  However, in the interest of resolving this matter as efficiently as possible, we agree to mark any medical records we receive from Ms. Brown as attorneys eyes only.  We still need you to confirm that you are waiving the 14-day notice period so we can move forward with collecting these medical records; have you finished researching the statute?
**Are you referring to Washington's Uniform Health Care Information Act, codified at RCW 70.02.005, et seq.? We don't oppose that subpoena at all. We appreciate that when emotional distress damages are pleaded, the medical privilege is waived.**

We will send this afternoon an updated deposition notice setting Ms. Saevik's deposition for June 11.

**I'm sorry client confirmed via text sometime over the weekend. Glad to accommodate your schedule.** You mentioned on Thursday that you would confirm this date works with your client, but we still have not heard back.  Because we need to firm up a date for her deposition as soon as possible, we indicated last week that we would move forward with June 11 unless we heard otherwise and we are doing so.  We also disagree that you have worked with us on setting Ms. Saevik's deposition dates, as you indicated last week.  We have stated for months that we want to prioritize Ms. Saevik's deposition, but need to first receive all of her records.  With the understanding that we would receive those records no

1

later than May 17, we attempted to set her deposition for May 27. You never confirmed this date, but instead vaguely stated "Let's try to make May 27 and June 1 work for scheduling SMC's dep pursuant to Rule 30(b)(6) and Shannon's dep." after noting that Ms. Saevik's ESI production would be again delayed (and while we're still waiting to hear back from you on the 14-day notice period for Ms. Saevik's remaining medical records). Other than this vague comment, we also have no recollection (and see no documentation from you) stating Ms. Saevik was available for – and prefers – a deposition on June 1 and – as you know – you now want to take the depositions of four former and current Swedish employees that same week.

Thank you for confirming we can depose Ms. Tapia after she produces her expert report. Once we receive her report, we'll work with you to find a mutually convenient date for her deposition. Alanna Kroeker is available for a deposition on June 8 or 9; let us know what date works better for you. We will let you know if we can accept service of Dr. Hart's subpoena for a June 4 deposition shortly. We will make ourselves available for the depositions of Ms. Popa, Ms. Kemerley, and Dr. Hart on June 4, but will not agree to you continuing any of these depositions to a second day if you need additional time given that the federal rules limit you to one day for each deposition.
**Confirming with her again today. Can you provide some proposed dates?**

The discovery deadline is in **three weeks** and we still have the following outstanding issues that are preventing us from finalizing depositions and accessing your client's records – (1) your research of the ~~Washington~~ Uniform Health Care *Information* Act and confirmation you'll waive the 14-day notice period so we can move forward with a subpoena on Ms. Saevik's medical records (which will likely then take weeks to receive documents); (2) you sending the authority we requested on union privilege, so we can evaluate this and come to an agreement on the scope of Ms. Saevik's ESI production; and (3) you letting us know exactly which 30(b)(6) topics you intend to move forward on so we can continue conferring as necessary and designate witnesses. Furthermore, we are now scheduling at least two depositions (Ms. Saevik and Ms. Kroeker) following the discovery cut-off, as well as likely the depositions of Ms. Tapia and a 30(b)(6) deposition/s.
**No need to change the case schedule wholesale only to hold a few depositions the week after discovery cut-off by stipulation. I won't object if you won't, and this email thread tracks our agreement.**

You indicated last week that you would consider our continuation proposal, and I hope you recognize now that a continuation is necessary particularly given that we are still waiting for your action to resolve many of these delays. Let me know if you agree to a short (1-2 month) continuation. Otherwise, as I mentioned last week, we will be filing a motion on this and requesting our fees. If you do not agree to a continuance, let me know if you are available to confer on Wednesday at 1pm or 3:30 pm.
**Given that production of ESI has been made, on time the 18th as assured, a continuation is entirely unnecessary. Do you want to depose Shannon the 27th or June 1 as originally requested? That would give you even less time to prepare for Shannon's deposition.**
**Let us know what else we can do. Thanks, Ben**

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Thursday, May 13, 2021 6:32 PM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Arya Nazari <Arya@lonnquistlaw.com>; Phil Ammons <phil@lonnquistlaw.com>
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

[EXTERNAL]

Thanks Mary.

Responses in boldface. Also attached are Subpoenae and Amended Notice to Hart.


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com


**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Thursday, May 13, 2021 1:52 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Phil Ammons; Arya Nazari
**Subject:** Saevik v. Swedish - ESI/Depositions

Hi Ben,

Please let me know as soon as possible if you'll waive the 14-day notice period for our subpoenaing of Dr. Brown's records. If you do not agree to waive it, we will likely not receive records until sometime in June and, as I've repeatedly mentioned, we need time to review all of your client's records well in advance of her deposition. With regard to the subpoenaed records you'd like to designate as attorney's eyes only, I assume you're referring to Dr. Brown's records. The parties already agreed – in Section 2 of the Stipulated Protective Order entered by the Court – that your client's medical records would be designated confidential (not AEO). Given this Order, we see no basis for you to now change course and designate Dr. Brown's records as AEO particularly since our client is entitled to understand the harm they allegedly caused your client.

**Attorneys Eyes Only designation is to prevent Ms. Day from viewing Shannon's confidential medical records. That allegation is central to this case. Judith has articulated the position, which I find persuasive that you her attorneys should be able to view the records in order to prepare Ms. Day's defense, but not given Bekki Day's hostility toward Shannon. As you recall, Bekki berated Shannon repeatedly (making comments of the sort: "Your brain in f----- mush," and the like), sought out Shannon's (and her sons') medical charts in violation of HIPAA, so that *she* could determine if Shannon's grounds for her time-off requests were legitimate. Because Bekki tried to access Shannon's privileged medical records on prior occasions, by illegal means, it is inconceivable that Shannon should accede to allow Bekki review her records through legal process this way. Bekki is a defendant, but is no longer with Swedish, and was dismissed from Swedish. Therefore, we would ask you (or the court) to erect some type of ethical wall between records accessible to Swedish (where indeed, Shannon is still a patient) and Bekki for Shannon's protection. If you don't want to stamp the docs with Atty's Eyes Only, to prevent Bekki from viewing by legal means, what she was legally barred from viewing before Shannon filed suit, then our hands will be forced to seek that protection for Shannon from the Court.**

**We have thoroughly considered both sides of the issue, including the policy disincentive to folks like Shannon from filing suit at all when their employer illegally views their private medical information. It means that Shannon is caught in a Catch-22: Bekki her manager takes it upon herself to read review Shannon's medical record without no authority, Shannon seeks legal recourse, and by doing so is forced to disclose the very record that she filed suit in order to shield from her manager's view? That is nonsensical, and Swedish dismissed Bekki for that very act.**

**We think that rather than involve the court, if you can get Cathy Brown to respond to subpoena, we can work together to best guarantee Shannon's privacy, and the contents of those therapy records, that they will only be reviewed by Swedish and Bekki's <u>Attorneys</u> in preparation of a defense, then and only under those conditions then, defense's subpoena of Shannon's therapy records will be unopposed.**

**Call us if you want to collaborate further on this essential nub of the case. We have thought about it and concluded that the AEO provision (in addition to the existing PO) would best put to rest these privacy and equity challenges.**

Given that you cannot guarantee we will receive ESI by May 17, we will need to schedule your client's deposition in June (alternatively, we will depose her on May 27 and continue her deposition once we receive and review all the records we have been requesting for months).  I am not clear based on your email if June 8 to 11 works on your end for your client's deposition; you first state these dates work, but subsequently state that you have "another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week." Does June 8 through 11 work on your end, or no?  Unless we hear otherwise from you by Friday, we will issue a deposition notice for your client's deposition to take place on June 11.

**Scheduling conflicts are June 14th and thereafter. No objection to June 11 dep. Checking with Shannon now to clear the date.**

Please also clarify to what you "agree" regarding my request for authority on your claim of union privilege as well as the 30(b)(6) depositions.  We would like to review this authority as soon as possible so we can determine whether we'll need to involve the court.  Please also let us know exactly which 30(b)(6) topics you intend to move forward on so we can continue conferring as necessary and designate witnesses.

**Yes, these topics I am working on today while Arya is working diligently on your ESI production (and who incidentally is reading law like Abe Lincoln per WSBA guidelines). Actually, we are moving more quickly than anticipated, but thorough document review for relevance, responsiveness, privilege review, and QC steps, etc., can be exceedingly time-consuming to perform properly. That being said I think we can guarantee production by May 18.**

Finally, we note that you disclosed Christina Tapia as an economist expert but have not yet produced her expert report.  We think it makes the most sense to depose her after we've had a chance to review her report.  Please confirm that you agree we can depose Ms. Tapia once she produces her expert report, even if this occurs after the discovery deadline.

**You can depose Dr. Tapia after the deadline. Arya communicated with her office last week, specifically a two-week deadline, which I believe puts us around May 24. I can't guarantee her availability for dep without checking with her staff. If Dr. Tapia is available Tues., June 15, would that date work for you?**

Given the number of outstanding issues we already have and the new issues that are arising, I believe a short continuance is necessary.  We have actively worked with you to already schedule six depositions of current and former Swedish employees, responded to multiple discovery requests (and are currently in the midst of responding to your client's 4th RFPs), and timely produced thousands of pages of ESI.  Meanwhile, you still have not provided your client's availability for her own deposition – which we agreed to prioritize, have delayed for months in producing ESI that you reportedly have been searching since <u>December</u> and only now, in the final month of discovery and weeks before we've indicated wanting to take your client's deposition, state that we're now responsible for collecting medical records that you insisted, also in December, on collecting yourself.  These delays are actively preventing our ability to get discovery and are interfering with our ability to prepare this case for trial.  We'd like to work with you to reach an agreement on a continuance, but if we're unable to do so, we'll be filing a motion informing the Court of your client's unreasonable and prejudicial delays.

I think we've discussed allowing you to depose Shannon either May 27, June 1, or June 11, per above. I have already guaranteed June 1 several times is Shannon's preference. Shannon has medical appointments and follow tests set for May 24-25. Sometimes they require additional follow up. I don't want her deposed when she is groggy, and in your shoes, I wouldn't want to depose an adverse witness in such a state. (You can if you want to, and now we have a record for the reason for any testimonial inconstancies between deposition and trial.) After the 3-day weekend is better for both parties, wouldn't you agree?

We produced thousands of documents to your office in the Fall. Most of ESI is going to be duplicative of what has already been produced by both sides. If Therapist Cathy Brown (a third party) won't respond to my requests so that I may perform a privilege review in accordance with Katie Rosen's offer in December, and which I've complied with 200% (making a voluminous production in March, and a timely supplement in April) then—just the opposite— it is unreasonable and prejudicial to Shannon me to allow defense to gain access to the most private and privileged of Shannon's medical records, her therapist notes from sessions with Shannon.

It's certainly not prejudicial to Defendants to allow defense counsel "first bite at the apple" to review Shannon's therapy records before Shannon's counsel.

Will you confirm now that you accept confirmation of service on Marquis Hart MD?  I understand he is now practices in California. With your confirmation of acceptance of service, we will send Notice and Subpoena to forward on to Dr. Hart. Proposing 10:30 a.m., June 4, same day you already confirmed availability, have the zoom link, and court reporter is reserved.


Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |


**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Wednesday, May 12, 2021 12:26 PM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Phil Ammons <phil@lonnquistlaw.com>; Arya Nazari <Arya@lonnquistlaw.com>
**Subject:** FW: Thoughts? I have not sent yet

[EXTERNAL]

Mary –
Thanks for your thoughtful responses. Answers in bold below.

Respectfully,

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Tuesday, May 11, 2021 6:46 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie
**Subject:** RE: Saevik v. Swedish

Hi Ben,

Thanks for the update on Dr. Brown's records.  We'll issue a subpoena for them but first – please confirm that you are waiving the 14-day notice period required by the Washington Uniform Health Care Act in our subpoenaing of records from Cathy A. Brown, M.D.
**I have to research this statute. I neglected to mention that we will need an "Attorney's Eye's Only" on the subpoenaed records for Shannon's protection. This should be noncontroversial.**

To clarify your projected ESI production date, did you mean to write "May 17" instead of "May 19"?  May 17 is the date you stated your office would produce the ESI, in your May 4 email recapping our conferral and following your prior delays at running searches and reviewing/finalizing your ESI production.  Our date for Ms. Saevik's May 27 deposition (which you still have not confirmed) is contingent on our receipt of ESI no later than May 17.  As we have repeatedly stated, we need to receive both your client's ESI and all medical records well in advance of her deposition, and a May 19 production date does not provide us with sufficient time to review these documents and prepare for Ms. Saevik's deposition.
**We are working quickly and diligently. As a small firm,  without an army of document review attorneys, I cannot guarantee the exact date review will be complete, but May 17-19 as discussed should be fine such that you have at least 10 days before Shannon's deposition as I guaranteed. This is a burdensome for a client such Shannon with the cards stacked against her by an employer of the size and sophistication of SMC/Providence, but we are committed to conducting our diligence and getting this out to you on time.**

**Let's try to make May 27 and June 1 work for scheduling SMC's dep pursuant to Rule 30(b)(6) and Shannon's dep. I am  not opposed to allowing you to depose Shannon between June 8 and 11.**

If you are again delaying your production of ESI to May 19 and because we now need to subpoena Dr. Brown's records, we will need to reschedule Ms. Saevik's deposition.  Given the depositions of Mr. Honey, Ms. Popa, and Ms. Madsen that you have already set in late May/early June and other scheduling conflicts including your trial dates, Ms. Saevik's deposition may need to be set during the second week of June.  Although the current discovery deadline is June 7, my expectation is we'll be able to reach an agreement on a deposition date occurring shortly after this deadline in light of the foregoing, but please confirm.  Furthermore, we do not agree to schedule any additional depositions, including the depositions of Ms. Kroeker and the 30(b)(6) deposition/s until we find a suitable date for Ms. Saevik's deposition which we agreed to prioritize months ago.

**We have another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week. My preference is to wind this up. We can set Alana for anytime before June 11 as well. Let's try to resolve and set these dates today.**

With regard to the content of your client's ESI, we agree you should not produce privileged material, but can you provide us authority supporting your statement that communications between your client and her union representatives are privileged so we can evaluate your position on this? And regarding the 30(b)(6) deposition topics, my understanding is the parties agreed that a Swedish designee will be prepared to discuss the following topics: Topics 1, 2, 4, 8, and 18, and the specifics of what the Swedish designee/s will discuss on each of these topics is detailed in our March 4, 2021 letter.  Because we did not finish conferring on all of the 30b6 topics and we also agreed to table a number of topics during our March 8 conferral, we will need to finish conferring on any Topics beyond 1, 2, 4, 8, and 18 if you would like to conduct a 30b6 deposition on them and ask that you send us an updated 30b6 deposition notice for those topics as we previously requested on March 25 and April 12.

6

Agreed.

In light of the above, I think it makes sense to adjust the case deadlines by a month or two to allow sufficient time for us to receive the outstanding ESI and medical records, and for the parties to prepare for and schedule the remaining depositions.  Let me know if you agree.

**Unnecessary, I think, but thanks for the offer. We will consider. However, Client's instructions are not to disturb the case schedule if that would affect trial date.**

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Saturday, May 8, 2021 9:18 AM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>
**Subject:** Re: Saevik v. Swedish

**[EXTERNAL]**

Hi Mary,

I wanted to inform you that Dr. Brown has not responded to our office's messages either. (Since Katie suggested in December that we request the medical records, review in advance for medical privileged information, and then produce to defense - in those steps - which Judith found acceptable.)

In light of the Stipulated Protective Order the parties entered jointly last August, (Dkt. 20, 8/11/2020), and your firm assistance on obtaining Dr. Brown's records prior to deposing Shannon, that Judith and I are comfortable with you moving to subpoena Dr. Brown's records, and we will not oppose or move to quash.

Our ESI search is apace for projected production date of May 19.

Best Regards,


Benjamin Phillips
Associate Attorney

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Office: 206-622-2086
Ben's cell: 206-484-0322


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500

Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

Exhibit F

## Benjamin Phillips

| | |
|---|---|
| **From:** | Benjamin Phillips |
| **Sent:** | Wednesday, May 19, 2021 2:39 PM |
| **To:** | 'Sanden, Mary' |
| **Cc:** | Rosen, Katie; Lehmann, Paula; lojal@aol.com; Phil Ammons; Arya Nazari |
| **Subject:** | RE: Saevik v. Swedish - ESI/Depositions |
| **Attachments:** | Amended Subpoenae and E-Service Agreement As Amended.pdf |

Sure, if you will produce the 30(b)(6) designees on June 7, then I'll agree to extend just the discovery cut-off to June 30.

Updated subpoenae attached.

Respectfully,

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Tuesday, May 18, 2021 7:31 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Arya Nazari; Phil Ammons
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

Hi Ben,

Thank you for producing your client's ESI today and confirming you are waiving the 14-day notice requirement for a subpoena on Ms. Saevik's medical records. We still have not received the authority we requested on union privilege nor did we receive a privilege log with your production today. Are you withholding documents under your claim of "union privilege?" If so, please send the authority you have supporting this privilege so we can review and confer. Furthermore, we still do not know what 30(b)(6) topics, if any, you intend to move forward on despite the fact that you said you were working to get us that information last week. If we receive your response on the union privilege documents this week and your confirmation that you are no longer moving forward with a 30(b)(6) deposition, we will not seek a continuation of the case deadlines. If you intend to move forward with a 30(b)(6) deposition, however, it will likely take several weeks to confer again as necessary, designate witnesses, prepare the designated witnesses, and take their depositions, so in that case we continue to believe a continuance is necessary and will file a motion to that end. Let me know.

Dr. Hart has authorized us to accept service of a deposition subpoena, and he is available on June 4, 2021 at 10:30 am. Neither his nor Ms. Popa's subpoenas have been signed (we assume, for Dr. Hart, this is because we were not yet authorized to accept service). Assuming you sign and re-serve both subpoenas to us that contain the production requests that are currently included, we will be objecting to them as grossly overbroad, vague and unduly burdensome

1

by seeking <u>any</u> documents related to Dr. Hart and Ms. Popa's employment at Swedish with no time limitation as well as communications with <u>any</u> (unidentified) past or present Swedish employees as well as any professional conferences attended for Swedish.

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Tuesday, May 18, 2021 11:51 AM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Arya Nazari <Arya@lonnquistlaw.com>; Phil Ammons <phil@lonnquistlaw.com>
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

**[EXTERNAL]**

Responses point-by-point **in bold** below. Thanks. – Ben

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Monday, May 17, 2021 12:56 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Arya Nazari; Phil Ammons
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

Hi Ben,

We disagree that Ms. Day inappropriately, much less illegally, accessed the medical records of Ms. Saevik or her children and no evidence – including the testimony of any witnesses (including Ms. Day) – indicates otherwise.  Furthermore, we disagree and Ms. Day confirmed during her deposition, that her separation from Swedish is wholly unrelated to interactions with or allegations by your client, including your client's allegation of Ms. Day's improper access to her medical records.  However, in the interest of resolving this matter as efficiently as possible, we agree to mark any medical records we receive from Ms. Brown as attorneys eyes only.  We still need you to confirm that you are waiving the 14-day notice period so we can move forward with collecting these medical records; have you finished researching the statute?
**Are you referring to Washington's Uniform Health Care Information Act, codified at RCW 70.02.005, et seq.? We don't oppose that subpoena at all. We appreciate that when emotional distress damages are pleaded, the medical privilege is waived.**

We will send this afternoon an updated deposition notice setting Ms. Saevik's deposition for June 11.

**I'm sorry client confirmed via text sometime over the weekend. Glad to accommodate your schedule.** You mentioned on Thursday that you would confirm this date works with your client, but we still have not heard back.  Because we need to firm up a date for her deposition as soon as possible, we indicated last week that we would move forward with June 11 unless we heard otherwise and we are doing so.  We also disagree that you have worked with us on setting Ms. Saevik's deposition dates, as you indicated last week.  We have stated for months that we want to prioritize Ms. Saevik's deposition, but need to first receive all of her records.  With the understanding that we would receive those records no later than May 17, we attempted to set her deposition for May 27.  You never confirmed this date, but instead vaguely stated "Let's try to make May 27 and June 1 work for scheduling SMC's dep pursuant to Rule 30(b)(6) and Shannon's dep." after noting that Ms. Saevik's ESI production would be again delayed (and while we're still waiting to hear back from you on the 14-day notice period for Ms. Saevik's remaining medical records).  Other than this vague comment, we also have no recollection (and see no documentation from you) stating Ms. Saevik was available for – and prefers – a deposition on June 1 and – as you know – you now want to take the depositions of four former and current Swedish employees that same week.

Thank you for confirming we can depose Ms. Tapia after she produces her expert report.  Once we receive her report, we'll work with you to find a mutually convenient date for her deposition.  Alanna Kroeker is available for a deposition on June 8 or 9; let us know what date works better for you.  We will let you know if we can accept service of Dr. Hart's subpoena for a June 4 deposition shortly.  We will make ourselves available for the depositions of Ms. Popa, Ms. Kemerley, and Dr. Hart on June 4, but will not agree to you continuing any of these depositions to a second day if you need additional time given that the federal rules limit you to one day for each deposition.
**Confirming with her again today. Can you provide some proposed dates?**

The discovery deadline is in **three weeks** and we still have the following outstanding issues that are preventing us from finalizing depositions and accessing your client's records – (1) your research of the ~~Washington~~ Uniform Health Care *Information* Act and confirmation you'll waive the 14-day notice period so we can move forward with a subpoena on Ms. Saevik's medical records (which will likely then take weeks to receive documents); (2) you sending the authority we requested on union privilege, so we can evaluate this and come to an agreement on the scope of Ms. Saevik's ESI production; and (3) you letting us know exactly which 30(b)(6) topics you intend to move forward on so we can continue conferring as necessary and designate witnesses.  Furthermore, we are now scheduling at least two depositions (Ms. Saevik and Ms. Kroeker) following the discovery cut-off, as well as likely the depositions of Ms. Tapia and a 30(b)(6) deposition/s.
**No need to change the case schedule wholesale only to hold a few depositions the week after discovery cut-off by stipulation. I won't object if you won't, and this email thread tracks our agreement.**

You indicated last week that you would consider our continuation proposal, and I hope you recognize now that a continuation is necessary particularly given that we are still waiting for your action to resolve many of these delays.  Let me know if you agree to a short (1-2 month) continuation.  Otherwise, as I mentioned last week, we will be filing a motion on this and requesting our fees.  If you do not agree to a continuance, let me know if you are available to confer on Wednesday at 1pm or 3:30 pm.
**Given that production of ESI  has been made, on time the 18th as assured, a continuation is entirely unnecessary. Do you want to depose Shannon the 27th or June 1 as originally requested? That would give you even less time to prepare for Shannon's deposition.**
**Let us know what else we can do. Thanks, Ben**

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Thursday, May 13, 2021 6:32 PM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Arya Nazari <Arya@lonnquistlaw.com>; Phil Ammons <phil@lonnquistlaw.com>
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

**[EXTERNAL]**

Thanks Mary.

Responses in boldface. Also attached are Subpoenae and Amended Notice to Hart.

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Thursday, May 13, 2021 1:52 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Phil Ammons; Arya Nazari
**Subject:** Saevik v. Swedish - ESI/Depositions

Hi Ben,

Please let me know as soon as possible if you'll waive the 14-day notice period for our subpoenaing of Dr. Brown's records.  If you do not agree to waive it, we will likely not receive records until sometime in June and, as I've repeatedly mentioned, we need time to review all of your client's records well in advance of her deposition.  With regard to the subpoenaed records you'd like to designate as attorney's eyes only, I assume you're referring to Dr. Brown's records.  The parties already agreed – in Section 2 of the Stipulated Protective Order entered by the Court – that your client's medical records would be designated confidential (not AEO).  Given this Order, we see no basis for you to now change course and designate Dr. Brown's records as AEO particularly since our client is entitled to understand the harm they allegedly caused your client.

**Attorneys Eyes Only designation is to prevent Ms. Day from viewing Shannon's confidential medical records. That allegation is central to this case. Judith has articulated the position, which I find persuasive that you her attorneys should be able to view the records in order to prepare Ms. Day's defense, but not given Bekki Day's hostility toward Shannon. As you recall, Bekki berated Shannon repeatedly (making comments of the sort: "Your brain in f----- mush," and the like), sought out Shannon's (and her sons') medical charts in violation of HIPAA, so that *she* could determine if Shannon's grounds for her time-off requests were legitimate. Because Bekki tried to access Shannon's privileged medical records on prior occasions, by illegal means, it is inconceivable that Shannon should accede to allow Bekki review her records through legal process this way. Bekki is a defendant, but is no longer with Swedish, and was dismissed from Swedish. Therefore, we would ask you (or the court) to erect some type of ethical wall between records accessible to Swedish (where indeed, Shannon is still a patient) and Bekki for Shannon's protection. If you**

don't want to stamp the docs with Atty's Eyes Only, to prevent Bekki from viewing by legal means, what she was legally barred from viewing before Shannon filed suit, then our hands will be forced to seek that protection for Shannon from the Court.

We have thoroughly considered both sides of the issue, including the policy disincentive to folks like Shannon from filing suit at all when their employer illegally views their private medical information. It means that Shannon is caught in a Catch-22: Bekki her manager takes it upon herself to read review Shannon's medical record without no authority, Shannon seeks legal recourse, and by doing so is forced to disclose the very record that she filed suit in order to shield from her manager's view? That is nonsensical, and Swedish dismissed Bekki for that very act.

We think that rather than involve the court, if you can get Cathy Brown to respond to subpoena, we can work together to best guarantee Shannon's privacy, and the contents of those therapy records, that they will only be reviewed by Swedish and Bekki's <u>Attorneys</u> in preparation of a defense, then and only under those conditions then, defense's subpoena of Shannon's therapy records will be unopposed.

Call us if you want to collaborate further on this essential nub of the case. We have thought about it and concluded that the AEO provision (in addition to the existing PO) would best put to rest these privacy and equity challenges.

Given that you cannot guarantee we will receive ESI by May 17, we will need to schedule your client's deposition in June (alternatively, we will depose her on May 27 and continue her deposition once we receive and review all the records we have been requesting for months). I am not clear based on your email if June 8 to 11 works on your end for your client's deposition; you first state these dates work, but subsequently state that you have "another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week." Does June 8 through 11 work on your end, or no?  Unless we hear otherwise from you by Friday, we will issue a deposition notice for your client's deposition to take place on June 11.

Scheduling conflicts are June 14th and thereafter. No objection to June 11 dep. Checking with Shannon now to clear the date.

Please also clarify to what you "agree" regarding my request for authority on your claim of union privilege as well as the 30(b)(6) depositions.  We would like to review this authority as soon as possible so we can determine whether we'll need to involve the court.  Please also let us know exactly which 30(b)(6) topics you intend to move forward on so we can continue conferring as necessary and designate witnesses.

Yes, these topics I am working on today while Arya is working diligently on your ESI production (and who incidentally is reading law like Abe Lincoln per WSBA guidelines). Actually, we are moving more quickly than anticipated, but thorough document review for relevance, responsiveness, privilege review, and QC steps, etc., can be exceedingly time-consuming to perform properly. That being said I think we can guarantee production by May 18.

Finally, we note that you disclosed Christina Tapia as an economist expert but have not yet produced her expert report.  We think it makes the most sense to depose her after we've had a chance to review her report.  Please confirm that you agree we can depose Ms. Tapia once she produces her expert report, even if this occurs after the discovery deadline.

You can depose Dr. Tapia after the deadline. Arya communicated with her office last week, specifically a two-week deadline, which I believe puts us around May 24. I can't guarantee her availability for dep without checking with her staff. If Dr. Tapia is available Tues., June 15, would that date work for you?

Given the number of outstanding issues we already have and the new issues that are arising, I believe a short continuance is necessary.  We have actively worked with you to already schedule six depositions of current and former Swedish employees, responded to multiple discovery requests (and are currently in the midst of responding to your

client's 4th RFPs), and timely produced thousands of pages of ESI.  Meanwhile, you still have not provided your client's availability for her own deposition – which we agreed to prioritize, have delayed for months in producing ESI that you reportedly have been searching since December and only now, in the final month of discovery and weeks before we've indicated wanting to take your client's deposition, state that we're now responsible for collecting medical records that you insisted, also in December, on collecting yourself.  These delays are actively preventing our ability to get discovery and are interfering with our ability to prepare this case for trial.  We'd like to work with you to reach an agreement on a continuance, but if we're unable to do so, we'll be filing a motion informing the Court of your client's unreasonable and prejudicial delays.

**I think we've discussed allowing you to depose Shannon either May 27, June 1, or June 11, per above. I have already guaranteed June 1 several times is Shannon's preference. Shannon has medical appointments and follow tests set for May 24-25. Sometimes they require additional follow up. I don't want her deposed when she is groggy, and in your shoes, I wouldn't want to depose an adverse witness in such a state. (You can if you want to, and now we have a record for the reason for any testimonial inconstancies between deposition and trial.) After the 3-day weekend is better for both parties, wouldn't you agree?**

**We produced thousands of documents to your office in the Fall. Most of ESI is going to be duplicative of what has already been produced by both sides. If Therapist Cathy Brown (a third party) won't respond to my requests so that I may perform a privilege review in accordance with Katie Rosen's offer in December, and which I've complied with 200% (making a voluminous production in March, and a timely supplement in April) then—just the opposite— it is unreasonable and prejudicial to Shannon me to allow defense to gain access to the most private and privileged of Shannon's medical records, her therapist notes from sessions with Shannon.**

**It's certainly not prejudicial to Defendants to allow defense counsel "first bite at the apple" to review Shannon's therapy records before Shannon's counsel.**

**Will you confirm now that you accept confirmation of service on Marquis Hart MD?  I understand he is now practices in California. With your confirmation of acceptance of service, we will send Notice and Subpoena to forward on to Dr. Hart. Proposing 10:30 a.m., June 4, same day you already confirmed availability, have the zoom link, and court reporter is reserved.**


Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Wednesday, May 12, 2021 12:26 PM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Phil Ammons <phil@lonnquistlaw.com>; Arya Nazari <Arya@lonnquistlaw.com>
**Subject:** FW: Thoughts? I have not sent yet

**[EXTERNAL]**

Mary –
Thanks for your thoughtful responses. Answers in bold below.

Respectfully,

6

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Tuesday, May 11, 2021 6:46 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie
**Subject:** RE: Saevik v. Swedish

Hi Ben,

Thanks for the update on Dr. Brown's records.  We'll issue a subpoena for them but first – please confirm that you are waiving the 14-day notice period required by the Washington Uniform Health Care Act in our subpoenaing of records from Cathy A. Brown, M.D.
**I have to research this statute. I neglected to mention that we will need an "Attorney's Eye's Only" on the subpoenaed records for Shannon's protection. This should be noncontroversial.**

To clarify your projected ESI production date, did you mean to write "May 17" instead of "May 19"?  May 17 is the date you stated your office would produce the ESI, in your May 4 email recapping our conferral and following your prior delays at running searches and reviewing/finalizing your ESI production.  Our date for Ms. Saevik's May 27 deposition (which you still have not confirmed) is contingent on our receipt of ESI no later than May 17.  As we have repeatedly stated, we need to receive both your client's ESI and all medical records well in advance of her deposition, and a May 19 production date does not provide us with sufficient time to review these documents and prepare for Ms. Saevik's deposition.
**We are working quickly and diligently. As a small firm,  without an army of document review attorneys, I cannot guarantee the exact date review will be complete, but May 17-19 as discussed should be fine such that you have at least 10 days before Shannon's deposition as I guaranteed. This is a burdensome for a client such Shannon with the cards stacked against her by an employer of the size and sophistication of SMC/Providence, but we are committed to conducting our diligence and getting this out to you on time.**

**Let's try to make May 27 and June 1 work for scheduling SMC's dep pursuant to Rule 30(b)(6) and Shannon's dep. I am  not opposed to allowing you to depose Shannon between June 8 and 11.**

If you are again delaying your production of ESI to May 19 and because we now need to subpoena Dr. Brown's records, we will need to reschedule Ms. Saevik's deposition.  Given the depositions of Mr. Honey, Ms. Popa, and Ms. Madsen that you have already set in late May/early June and other scheduling conflicts including your trial dates, Ms. Saevik's deposition may need to be set during the second week of June.  Although the current discovery deadline is June 7, my expectation is we'll be able to reach an agreement on a deposition date occurring shortly after this deadline in light of the foregoing, but please confirm.  Furthermore, we do not agree to schedule any additional depositions, including the depositions of Ms. Kroeker and the 30(b)(6) deposition/s until we find a suitable date for Ms. Saevik's deposition which we agreed to prioritize months ago.

**We have another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week. My preference is to wind this up. We can set Alana for anytime before June 11 as well. Let's try to resolve and set these dates today.**

7

With regard to the content of your client's ESI, we agree you should not produce privileged material, but can you provide us authority supporting your statement that communications between your client and her union representatives are privileged so we can evaluate your position on this? And regarding the 30(b)(6) deposition topics, my understanding is the parties agreed that a Swedish designee will be prepared to discuss the following topics: Topics 1, 2, 4, 8, and 18, and the specifics of what the Swedish designee/s will discuss on each of these topics is detailed in our March 4, 2021 letter.  Because we did not finish conferring on all of the 30b6 topics and we also agreed to table a number of topics during our March 8 conferral, we will need to finish conferring on any Topics beyond 1, 2, 4, 8, and 18 if you would like to conduct a 30b6 deposition on them and ask that you send us an updated 30b6 deposition notice for those topics as we previously requested on March 25 and April 12.
**Agreed.**

In light of the above, I think it makes sense to adjust the case deadlines by a month or two to allow sufficient time for us to receive the outstanding ESI and medical records, and for the parties to prepare for and schedule the remaining depositions.  Let me know if you agree.
**Unnecessary, I think, but thanks for the offer. We will consider. However, Client's instructions are not to disturb the case schedule if that would affect trial date.**

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Saturday, May 8, 2021 9:18 AM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>
**Subject:** Re: Saevik v. Swedish

[EXTERNAL]

Hi Mary,

I wanted to inform you that Dr. Brown has not responded to our office's messages either. (Since Katie suggested in December that we request the medical records, review in advance for medical privileged information, and then produce to defense - in those steps - which Judith found acceptable.)

In light of the Stipulated Protective Order the parties entered jointly last August, (Dkt. 20, 8/11/2020), and your firm assistance on obtaining Dr. Brown's records prior to deposing Shannon, that Judith and I are comfortable with you moving to subpoena Dr. Brown's records, and we will not oppose or move to quash.

Our ESI search is apace for projected production date of May 19.

Best Regards,


Benjamin Phillips
Associate Attorney

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500

Seattle, WA 98101
Office: 206-622-2086
Ben's cell: 206-484-0322

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

Exhibit G

## Benjamin Phillips

| | |
|---|---|
| **From:** | Sanden, Mary <MarySanden@dwt.com> |
| **Sent:** | Thursday, May 20, 2021 12:09 PM |
| **To:** | Benjamin Phillips |
| **Cc:** | Rosen, Katie; Lehmann, Paula; lojal@aol.com; Phil Ammons; Arya Nazari |
| **Subject:** | RE: Saevik v. Swedish - ESI/Depositions |

Hi Ben,

I'm unclear what you mean by "produce the 30(b)(6) designees on June 7." If you mean, schedule 30(b)(6) depositions on June 7, we do not know what depositions to schedule because you have not told us what 30(b)(6) topics, if any, you intend to move forward on despite our repeated requests for this information following our 30(b)(6) conferral over two months ago. Please provide that information. We also do not agree to simply extend the discovery cut-off deadline, because that reduces the amount of time we will have to draft a dispositive motion (deadline July 16). Will you stipulate to extend all case deadlines by approximately a month (and provide the 30(b)(6) topics you intend to move forward on, if any)? Alternatively, as I previously requested, let us know if you don't intend to take a 30(b)(6) deposition/s, and we are fine with the current case deadlines. If you intend to proceed with a 30(b)(6) deposition/s and will not adjust all case deadlines, we need to confer. Let me know your availability to confer on Monday afternoon after 2pm.

We also still need your answer on the union privilege authority/documents.

We appreciate your revisions to the document requests in the updated subpoenas, but we will still be objecting because, among other things, Dr. Hart's subpoena is not limited to Swedish's Organ Transplant Center, where your client worked, nor is it limited to communications with or concerning your client. For Ms. Popa's subpoena, we will still be objecting because, among other things, it is not limited to communications with or concerning your client. We can discuss this topic during our conferral on Monday afternoon as well.

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Wednesday, May 19, 2021 2:39 PM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; lojal@aol.com; Phil Ammons <phil@lonnquistlaw.com>; Arya Nazari <Arya@lonnquistlaw.com>
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

[EXTERNAL]

Sure, if you will produce the 30(b)(6) designees on June 7, then I'll agree to extend just the discovery cut-off to June 30.

Updated subpoenae attached.

Respectfully,

**Benjamin R. Phillips**

1

Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Tuesday, May 18, 2021 7:31 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Arya Nazari; Phil Ammons
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

Hi Ben,

Thank you for producing your client's ESI today and confirming you are waiving the 14-day notice requirement for a subpoena on Ms. Saevik's medical records.  We still have not received the authority we requested on union privilege nor did we receive a privilege log with your production today.  Are you withholding documents under your claim of "union privilege?" If so, please send the authority you have supporting this privilege so we can review and confer.  Furthermore, we still do not know what 30(b)(6) topics, if any, you intend to move forward on despite the fact that you said you were working to get us that information last week.  If we receive your response on the union privilege documents this week and your confirmation that you are no longer moving forward with a 30(b)(6) deposition, we will not seek a continuation of the case deadlines.  If you intend to move forward with a 30(b)(6) deposition, however, it will likely take several weeks to confer again as necessary, designate witnesses, prepare the designated witnesses, and take their depositions, so in that case we continue to believe a continuance is necessary and will file a motion to that end.  Let me know.

Dr. Hart has authorized us to accept service of a deposition subpoena, and he is available on June 4, 2021 at 10:30 am.  Neither his nor Ms. Popa's subpoenas have been signed (we assume, for Dr. Hart, this is because we were not yet authorized to accept service).  Assuming you sign and re-serve both subpoenas to us that contain the production requests that are currently included, we will be objecting to them as grossly overbroad, vague and unduly burdensome by seeking <u>any</u> documents related to Dr. Hart and Ms. Popa's employment at Swedish with no time limitation as well as communications with <u>any</u> (unidentified) past or present Swedish employees as well as any professional conferences attended for Swedish.

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Tuesday, May 18, 2021 11:51 AM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Arya Nazari <Arya@lonnquistlaw.com>; Phil Ammons <phil@lonnquistlaw.com>
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

**[EXTERNAL]**

Responses point-by-point **in bold** below. Thanks. — Ben


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com


**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Monday, May 17, 2021 12:56 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Arya Nazari; Phil Ammons
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

Hi Ben,

We disagree that Ms. Day inappropriately, much less illegally, accessed the medical records of Ms. Saevik or her children and no evidence – including the testimony of any witnesses (including Ms. Day) – indicates otherwise.  Furthermore, we disagree and Ms. Day confirmed during her deposition, that her separation from Swedish is wholly unrelated to interactions with or allegations by your client, including your client's allegation of Ms. Day's improper access to her medical records.  However, in the interest of resolving this matter as efficiently as possible, we agree to mark any medical records we receive from Ms. Brown as attorneys eyes only.  We still need you to confirm that you are waiving the 14-day notice period so we can move forward with collecting these medical records; have you finished researching the statute?
**Are you referring to Washington's Uniform Health Care Information Act, codified at RCW 70.02.005, et seq.? We don't oppose that subpoena at all. We appreciate that when emotional distress damages are pleaded, the medical privilege is waived.**

We will send this afternoon an updated deposition notice setting Ms. Saevik's deposition for June 11.

**I'm sorry client confirmed via text sometime over the weekend. Glad to accommodate your schedule.** You mentioned on Thursday that you would confirm this date works with your client, but we still have not heard back.  Because we need to firm up a date for her deposition as soon as possible, we indicated last week that we would move forward with June 11 unless we heard otherwise and we are doing so.  We also disagree that you have worked with us on setting Ms. Saevik's deposition dates, as you indicated last week.  We have stated for months that we want to prioritize Ms. Saevik's deposition, but need to first receive all of her records.  With the understanding that we would receive those records no later than May 17, we attempted to set her deposition for May 27.  You never confirmed this date, but instead vaguely stated "Let's try to make May 27 and June 1 work for scheduling SMC's dep pursuant to Rule 30(b)(6) and Shannon's dep." after noting that Ms. Saevik's ESI production would be again delayed (and while we're still waiting to hear back from you on the 14-day notice period for Ms. Saevik's remaining medical records).  Other than this vague comment, we also have no recollection (and see no documentation from you) stating Ms. Saevik was available for – and prefers – a deposition on June 1 and – as you know – you now want to take the depositions of four former and current Swedish employees that same week.

Thank you for confirming we can depose Ms. Tapia after she produces her expert report.  Once we receive her report, we'll work with you to find a mutually convenient date for her deposition.  Alanna Kroeker is available for a deposition on June 8 or 9; let us know what date works better for you.  We will let you know if we can accept service of Dr. Hart's subpoena for a June 4 deposition shortly.  We will make ourselves available for the depositions of Ms. Popa, Ms. Kemerley, and Dr. Hart on June 4, but will not agree to you continuing any of these depositions to a second day if you need additional time given that the federal rules limit you to one day for each deposition.
**Confirming with her again today. Can you provide some proposed dates?**

The discovery deadline is in **three weeks** and we still have the following outstanding issues that are preventing us from finalizing depositions and accessing your client's records – (1) your research of the ~~Washington~~ Uniform Health Care *Information* Act and confirmation you'll waive the 14-day notice period so we can move forward with a subpoena on Ms. Saevik's medical records (which will likely then take weeks to receive documents); (2) you sending the authority we requested on union privilege, so we can evaluate this and come to an agreement on the scope of Ms. Saevik's ESI production; and (3) you letting us know exactly which 30(b)(6) topics you intend to move forward on so we can continue conferring as necessary and designate witnesses.  Furthermore, we are now scheduling at least two depositions (Ms. Saevik and Ms. Kroeker) following the discovery cut-off, as well as likely the depositions of Ms. Tapia and a 30(b)(6) deposition/s.
**No need to change the case schedule wholesale only to hold a few depositions the week after discovery cut-off by stipulation. I won't object if you won't, and this email thread tracks our agreement.**

You indicated last week that you would consider our continuation proposal, and I hope you recognize now that a continuation is necessary particularly given that we are still waiting for your action to resolve many of these delays.  Let me know if you agree to a short (1-2 month) continuation.  Otherwise, as I mentioned last week, we will be filing a motion on this and requesting our fees.  If you do not agree to a continuance, let me know if you are available to confer on Wednesday at 1pm or 3:30 pm.
**Given that production of ESI  has been made, on time the 18th as assured, a continuation is entirely unnecessary. Do you want to depose Shannon the 27th or June 1 as originally requested? That would give you even less time to prepare for Shannon's deposition.**
**Let us know what else we can do. Thanks, Ben**

Thanks,
Mary

**Mary Sanden |** Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Thursday, May 13, 2021 6:32 PM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Arya Nazari <Arya@lonnquistlaw.com>; Phil Ammons <phil@lonnquistlaw.com>
**Subject:** RE: Saevik v. Swedish - ESI/Depositions

[EXTERNAL]
_____

Thanks Mary.

Responses in boldface. Also attached are Subpoenae and Amended Notice to Hart.

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

---

**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Thursday, May 13, 2021 1:52 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie; Lehmann, Paula; Phil Ammons; Arya Nazari
**Subject:** Saevik v. Swedish - ESI/Depositions

Hi Ben,

Please let me know as soon as possible if you'll waive the 14-day notice period for our subpoenaing of Dr. Brown's records.  If you do not agree to waive it, we will likely not receive records until sometime in June and, as I've repeatedly mentioned, we need time to review all of your client's records well in advance of her deposition.  With regard to the subpoenaed records you'd like to designate as attorney's eyes only, I assume you're referring to Dr. Brown's records.  The parties already agreed – in Section 2 of the Stipulated Protective Order entered by the Court – that your client's medical records would be designated confidential (not AEO).  Given this Order, we see no basis for you to now change course and designate Dr. Brown's records as AEO particularly since our client is entitled to understand the harm they allegedly caused your client.

**Attorneys Eyes Only designation is to prevent Ms. Day from viewing Shannon's confidential medical records. That allegation is central to this case. Judith has articulated the position, which I find persuasive that you her attorneys should be able to view the records in order to prepare Ms. Day's defense, but not given Bekki Day's hostility toward Shannon. As you recall, Bekki berated Shannon repeatedly (making comments of the sort: "Your brain in f----- mush," and the like), sought out Shannon's (and her sons') medical charts in violation of HIPAA, so that *she* could determine if Shannon's grounds for her time-off requests were legitimate. Because Bekki tried to access Shannon's privileged medical records on prior occasions, by illegal means, it is inconceivable that Shannon should accede to allow Bekki review her records through legal process this way. Bekki is a defendant, but is no longer with Swedish, and was dismissed from Swedish. Therefore, we would ask you (or the court) to erect some type of ethical wall between records accessible to Swedish (where indeed, Shannon is still a patient) and Bekki for Shannon's protection. If you don't want to stamp the docs with Atty's Eyes Only, to prevent Bekki from viewing by legal means, what she was legally barred from viewing before Shannon filed suit, then our hands will be forced to seek that protection for Shannon from the Court.**

**We have thoroughly considered both sides of the issue, including the policy disincentive to folks like Shannon from filing suit at all when their employer illegally views their private medical information. It means that Shannon is caught in a Catch-22: Bekki her manager takes it upon herself to  read review Shannon's medical record without no authority, Shannon seeks legal recourse, and by doing so is forced to disclose the very record that she filed suit in order to shield from her manager's view? That is nonsensical, and Swedish dismissed Bekki for that very act.**

**We think that rather than involve the court, if you can get Cathy Brown to respond to subpoena, we can work together to best guarantee Shannon's privacy, and the contents of those therapy records, that they will only be reviewed by Swedish and Bekki's <u>Attorneys</u> in preparation of a defense, then and only under those conditions then, defense's subpoena of Shannon's therapy records will be unopposed.**

**Call us if you want to collaborate further on this essential nub of the case. We have thought about it and concluded that the AEO provision (in addition to the existing PO) would best put to rest these privacy and equity challenges.**

Given that you cannot guarantee we will receive ESI by May 17, we will need to schedule your client's deposition in June (alternatively, we will depose her on May 27 and continue her deposition once we receive and review all the records we have been requesting for months).  I am not clear based on your email if June 8 to 11 works on your end for your client's deposition; you first state these dates work, but subsequently state that you have "another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week." Does June 8 through 11 work on your end, or no?  Unless we hear otherwise from you by Friday, we will issue a deposition notice for your client's deposition to take place on June 11.

**Scheduling conflicts are June 14th and thereafter. No objection to June 11 dep. Checking with Shannon now to clear the date.**

Please also clarify to what you "agree" regarding my request for authority on your claim of union privilege as well as the 30(b)(6) depositions.  We would like to review this authority as soon as possible so we can determine whether we'll need to involve the court.  Please also let us know exactly which 30(b)(6) topics you intend to move forward on so we can continue conferring as necessary and designate witnesses.

**Yes, these topics I am working on today while Arya is working diligently on your ESI production (and who incidentally is reading law like Abe Lincoln per WSBA guidelines). Actually, we are moving more quickly than anticipated, but thorough document review for relevance, responsiveness, privilege review, and QC steps, etc., can be exceedingly time-consuming to perform properly. That being said I think we can guarantee production by May 18.**

Finally, we note that you disclosed Christina Tapia as an economist expert but have not yet produced her expert report.  We think it makes the most sense to depose her after we've had a chance to review her report.  Please confirm that you agree we can depose Ms. Tapia once she produces her expert report, even if this occurs after the discovery deadline.

**You can depose Dr. Tapia after the deadline. Arya communicated with her office last week, specifically a two-week deadline, which I believe puts us around May 24. I can't guarantee her availability for dep without checking with her staff. If Dr. Tapia is available Tues., June 15, would that date work for you?**

Given the number of outstanding issues we already have and the new issues that are arising, I believe a short continuance is necessary.  We have actively worked with you to already schedule six depositions of current and former Swedish employees, responded to multiple discovery requests (and are currently in the midst of responding to your client's 4th RFPs), and timely produced thousands of pages of ESI.  Meanwhile, you still have not provided your client's availability for her own deposition – which we agreed to prioritize, have delayed for months in producing ESI that you reportedly have been searching since December and only now, in the final month of discovery and weeks before we've indicated wanting to take your client's deposition, state that we're now responsible for collecting medical records that you insisted, also in December, on collecting yourself.  These delays are actively preventing our ability to get discovery and are interfering with our ability to prepare this case for trial.  We'd like to work with you to reach an agreement on a continuance, but if we're unable to do so, we'll be filing a motion informing the Court of your client's unreasonable and prejudicial delays.

**I think we've discussed allowing you to depose Shannon either May 27, June 1, or June 11, per above. I have already guaranteed June 1 several times is Shannon's preference. Shannon has medical appointments and follow tests set for May 24-25. Sometimes they require additional follow up. I don't want her deposed when she is groggy, and in your shoes, I wouldn't want to depose an adverse witness in such a state. (You can if you want to, and now we have a record for the reason for any testimonial inconstancies between deposition and trial.) After the 3-day weekend is better for both parties, wouldn't you agree?**

We produced thousands of documents to your office in the Fall. Most of ESI is going to be duplicative of what has already been produced by both sides. If Therapist Cathy Brown (a third party) won't respond to my requests so that I may perform a privilege review in accordance with Katie Rosen's offer in December, and which I've complied with 200% (making a voluminous production in March, and a timely supplement in April) then—just the opposite— it is unreasonable and prejudicial to Shannon me to allow defense to gain access to the most private and privileged of Shannon's medical records, her therapist notes from sessions with Shannon.

It's certainly not prejudicial to Defendants to allow defense counsel "first bite at the apple" to review Shannon's therapy records before Shannon's counsel.

Will you confirm now that you accept confirmation of service on Marquis Hart MD?  I understand he is now practices in California. With your confirmation of acceptance of service, we will send Notice and Subpoena to forward on to Dr. Hart. Proposing 10:30 a.m., June 4, same day you already confirmed availability, have the zoom link, and court reporter is reserved.


Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Wednesday, May 12, 2021 12:26 PM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>; Lehmann, Paula <paulalehmann@dwt.com>; Phil Ammons <phil@lonnquistlaw.com>; Arya Nazari <Arya@lonnquistlaw.com>
**Subject:** FW: Thoughts? I have not sent yet

[EXTERNAL]

Mary –
Thanks for your thoughtful responses. Answers in bold below.

Respectfully,

**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com


**From:** Sanden, Mary [mailto:MarySanden@dwt.com]
**Sent:** Tuesday, May 11, 2021 6:46 PM
**To:** Benjamin Phillips
**Cc:** lojal@aol.com; Rosen, Katie
**Subject:** RE: Saevik v. Swedish

Hi Ben,

Thanks for the update on Dr. Brown's records.  We'll issue a subpoena for them but first – please confirm that you are waiving the 14-day notice period required by the Washington Uniform Health Care Act in our subpoenaing of records from Cathy A. Brown, M.D.

**I have to research this statute. I neglected to mention that we will need an "Attorney's Eye's Only" on the subpoenaed records for Shannon's protection. This should be noncontroversial.**

To clarify your projected ESI production date, did you mean to write "May 17" instead of "May 19"?  May 17 is the date you stated your office would produce the ESI, in your May 4 email recapping our conferral and following your prior delays at running searches and reviewing/finalizing your ESI production.  Our date for Ms. Saevik's May 27 deposition (which you still have not confirmed) is contingent on our receipt of ESI no later than May 17.  As we have repeatedly stated, we need to receive both your client's ESI and all medical records well in advance of her deposition, and a May 19 production date does not provide us with sufficient time to review these documents and prepare for Ms. Saevik's deposition.

**We are working quickly and diligently. As a small firm,  without an army of document review attorneys, I cannot guarantee the exact date review will be complete, but May 17-19 as discussed should be fine such that you have at least 10 days before Shannon's deposition as I guaranteed. This is a burdensome for a client such Shannon with the cards stacked against her by an employer of the size and sophistication of SMC/Providence, but we are committed to conducting our diligence and getting this out to you on time.**

**Let's try to make May 27 and June 1 work for scheduling SMC's dep pursuant to Rule 30(b)(6) and Shannon's dep. I am  not opposed to allowing you to depose Shannon between June 8 and 11.**

If you are again delaying your production of ESI to May 19 and because we now need to subpoena Dr. Brown's records, we will need to reschedule Ms. Saevik's deposition.  Given the depositions of Mr. Honey, Ms. Popa, and Ms. Madsen that you have already set in late May/early June and other scheduling conflicts including your trial dates, Ms. Saevik's deposition may need to be set during the second week of June.  Although the current discovery deadline is June 7, my expectation is we'll be able to reach an agreement on a deposition date occurring shortly after this deadline in light of the foregoing, but please confirm.  Furthermore, we do not agree to schedule any additional depositions, including the depositions of Ms. Kroeker and the 30(b)(6) deposition/s until we find a suitable date for Ms. Saevik's deposition which we agreed to prioritize months ago.

**We have another series of all-day depositions in a case out-of-county in Eastern WA and mediation of a case in NW WA later that week. My preference is to wind this up. We can set Alana for anytime before June 11 as well. Let's try to resolve and set these dates today.**

With regard to the content of your client's ESI, we agree you should not produce privileged material, but can you provide us authority supporting your statement that communications between your client and her union representatives are privileged so we can evaluate your position on this? And regarding the 30(b)(6) deposition topics, my understanding is the parties agreed that a Swedish designee will be prepared to discuss the following topics: Topics 1, 2, 4, 8, and 18, and the specifics of what the Swedish designee/s will discuss on each of these topics is detailed in our March 4, 2021 letter.  Because we did not finish conferring on all of the 30b6 topics and we also agreed to table a number of topics during our March 8 conferral, we will need to finish conferring on any Topics beyond 1, 2, 4, 8, and 18 if you would like to conduct a 30b6 deposition on them and ask that you send us an updated 30b6 deposition notice for those topics as we previously requested on March 25 and April 12.

**Agreed.**

In light of the above, I think it makes sense to adjust the case deadlines by a month or two to allow sufficient time for us to receive the outstanding ESI and medical records, and for the parties to prepare for and schedule the remaining depositions.  Let me know if you agree.

Unnecessary, I think, but thanks for the offer. We will consider. However, Client's instructions are not to disturb the case schedule if that would affect trial date.

Thanks,
Mary

**Mary Sanden** | Davis Wright Tremaine LLP
Tel: (425) 646-6110
Email: marysanden@dwt.com |

**From:** Benjamin Phillips <Ben@lonnquistlaw.com>
**Sent:** Saturday, May 8, 2021 9:18 AM
**To:** Sanden, Mary <MarySanden@dwt.com>
**Cc:** lojal@aol.com; Rosen, Katie <katierosen@dwt.com>
**Subject:** Re: Saevik v. Swedish

[EXTERNAL]

Hi Mary,

I wanted to inform you that Dr. Brown has not responded to our office's messages either. (Since Katie suggested in December that we request the medical records, review in advance for medical privileged information, and then produce to defense - in those steps - which Judith found acceptable.)

In light of the Stipulated Protective Order the parties entered jointly last August, (Dkt. 20, 8/11/2020), and your firm assistance on obtaining Dr. Brown's records prior to deposing Shannon, that Judith and I are comfortable with you moving to subpoena Dr. Brown's records, and we will not oppose or move to quash.

Our ESI search is apace for projected production date of May 19.

Best Regards,


Benjamin Phillips
Associate Attorney

Law Offices of Judith A. Lonnquist, P.S.
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Office: 206-622-2086
Ben's cell: 206-484-0322


**Benjamin R. Phillips**
Associate Attorney

**Law Offices Of Judith A. Lonnquist, P.S.**
1218 Third Avenue, Suite 1500
Seattle, WA 98101
Phone: 206.622.2086
Email: Ben@Lonnquistlaw.com

Exhibit H

The Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SHANNON ANDERSON SAEVIK, | NO. 19-cv-01992-JCC |
| Plaintiff, | |
| v. | AMENDED NOTICE OF 30(b)(6) DEPOSITION TO SWEDISH MEDICAL CENTER |
| SWEDISH MEDICAL CENTER and REBECCA DAY, individually and as Clinic Operations Manager of its Organ Transplant and Liver Center, | |
| Defendants. | |

TO:      SWEDISH MEDICAL CENTER

AND TO:    Mary Sanden, Esq., Paula L. Lehmann, Esq., Katie Rosen, Esq., Kristina Markosova, Esq.
           Davis Wright Tremaine LLP
           Attorney for Defendants

**PLEASE TAKE NOTE,** pursuant to Federal Rules of Civil Procedure 30(b)(6), 30(b)(2) and Rule 34, Plaintiff Shannon Anderson Saevik, by and through undersigned counsel, will take the deposition upon oral examination of the designee(s) of **SWEDISH MEDICAL CENTER** in the above-entitled numbered action before a certified court reporter and videographer authorized to administer oaths at the at date, time, and location listed below.

AMENDED NOTICE OF PLAINTIFF'S 30(b)(6)
DEPOSITION TO SWEDISH MEDICAL CENTER
[19-cv-01992-JCC] - Page 1

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

| | |
|---|---|
| WITNESS: | SWEDISH MEDICAL CENTER |
| DATE | Monday, ~~March 15~~June 7, 2021 |
| TIME: | 9:00 AM |
| LOCATION: | ***Via Zoom*** |
| | The Law Offices of Judith A. Lonnquist |
| | Seattle Tower |
| | 1218 Third Avenue, Suite1500 |
| | Seattle, Washington 98101 |

If the taking of the deposition is not commenced, or if commenced and is not concluded, this oral examination shall be subject to continuance or adjournment from day to day and time to time, and/or place to place until completed. A stenographic and video record of the deposition shall be made.

## **DEFINITIONS**

The term "Swedish" refers to Swedish Medical Center, which is one of the Defendants in this litigation.

The term "hospital" refers to Swedish Medical Center, which is one of the Defendants in this litigation.

"You" or "Swedish Medical Center" is intended to cover any and all acquired companies, subsidiaries or divisions, parent company or holding company.

## **TOPICS**

Pursuant to CR 30(b)(6), Swedish Medical Center, shall designate and produce for testimony one or more officers, directors, managing agents and/or person(s) on its behalf who have knowledge of facts known or reasonably available to Swedish Medical Center, at the time and place of this deposition concerning the following topics:

1. The business functions, day-to-day operations, and revenue-generating business activities of the Organ Transplant and Liver Center at Swedish Medical Center.
2. The relationship between Swedish Medical Center and Providence.
3. Any restructuring plans for the hospital.
4. "Time studies" as the term is used in practice.

AMENDED NOTICE OF PLAINTIFF'S 30(b)(6)
DEPOSITION TO SWEDISH MEDICAL CENTER
[19-cv-01992-JCC] - Page 2

5. "Medicare reimbursement" as the term is used in practice.
6. Hiring practices in the Organ Transplant and Liver Center at Swedish Medical Center.
7. Training of new employees in the Organ Transplant and Liver Center at Swedish Medical Center.

8. Policies and practices of granting employees' requests for time off, vacation, sick time, and vetting and approving employees' requests for medical leave and to telecommute.
9. Policies and practices for adhering to collective bargaining agreements.
10. Policies and practices for compliance with all applicable law including the Washington Law Against Discrimination, the Family Medical Leave Act, the National Labor Relations Act, and HIPAA.
11. Disciplinary actions taken against employees including Plaintiff in 2018 and 2019 including name of person, wrongful conduct alleged, and outcome.
12. Investigations into any of the compliance policies and underlying facts discovered through compliance investigations.
13. Policies and practices for training managerial employees in categories No. 4-12 above.
14. Impact of any restructuring plans on employee training, policies and practices.
15. The most recent organizational chart released for the Organ Transplant and Liver Center at Swedish Medical Center.
16. Rebecca Day's most current employment status with the Organ Transplant and Liver Center at Swedish Medical Center.

17. Any and all facts leading up to, concerning, or surrounding any investigation of the accuracy and validity of "time studies" performed by Swedish caregivers.
18. Policy and practice of disclosure to individual when it is discovered that the individual's Personal Health Information data or medical chart or medical information is discovered to have been disclosed due to impermissible breach or viewing by unauthorized individuals, and who is notified after such an event (i.e., the human resources department, compliance office, the patient, or in the case of collective bargaining unit employee, the Union).

19. Any and all facts leading up to, concerning, and/or surrounding any investigation of the accuracy and validity of Plaintiff Shannon Anderson Saevik's medical treatment performed by Swedish hospital caregivers.
20. Any and all facts leading up to, concerning, and/or surrounding any investigation into the termination of Plaintiff Shannon Anderson Saevik for alleged time-card fraud.
21. Compensation policies and methods of tabulating employee pay, including the attributes of "Lead Pay" and the "Kronos" system.

This testimony upon oral examination will be taken on the ground and for all purposes set forth under the Civil Rules; that the said witness will give evidence material to the establishment of Plaintiff's case. Plaintiff requests that persons so designated be prepared so as to testify fully, completely and unevasively as to all matters known or reasonably ascertainable to defendants.

AMENDED NOTICE OF PLAINTIFF'S 30(b)(6)
DEPOSITION TO SWEDISH MEDICAL CENTER
[19-cv-01992-JCC] - Page 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

1

2      DATED this 12th day of February, 2021.

3

4                                    LAW OFFICES OF
                                     JUDITH A. LONNQUIST, P.S.
5

6

7                                    *s/Benjamin R. Phillips*
                                     Judith A. Lonnquist, WSBA #06421
8                                    Benjamin R. Phillips, WSBA #53604
                                     Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMENDED NOTICE OF PLAINTIFF'S 30(b)(6)
DEPOSITION TO SWEDISH MEDICAL CENTER
[19-cv-01992-JCC] - Page 4

1

**CERTIFICATE OF SERVICE**

2

3        I, Benjamin R. Phillips, hereby declare under penalty of perjury under the laws of the

4   State of Washington and the United States that, on the date below, I electronically filed the

5   foregoing document with the Clerk of the Court using the ECF system which will send

6   notification of such filing to the following:

7

8

| Party | Method of Service |
|---|---|
| Davis Wright Tremaine<br>Katie Rosen WSBA #29465<br>Kristina Markosova, WSBA #47924<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA 98104-1610<br>206.622.3150<br>katierosen@dwt.com<br>kristinamarkosova@dwt.com | ☐ Hand Delivery<br>☐ Legal Messenger<br>☐ Regular Mail<br>☐ E-Mail<br>☒ E-Service by court |
| Davis Wright Tremaine<br>Paula L. Lehmann, WSBA #20678<br>Mary Sanden, WSBA #45608<br>929 108th Avenue NE, Ste. 1500<br>Bellevue, WA 98004-4786<br>P: (425) 646-6100<br>paulalehmann@dwt.com<br>marysanden@dwt.com | ☐ Hand Delivery<br>☐ Legal Messenger<br>☐ Regular Mail<br>☐ E-Mail<br>☒ E-Service by court |

9

10

11

12

13

14

15

16

17

18

19

20

21        Dated: May 20, 2021

22

23                                    *s/Benjamin R. Phillips*
                                    Benjamin R. Phillips

24

25

26

AMENDED NOTICE OF PLAINTIFF'S 30(b)(6)
DEPOSITION TO SWEDISH MEDICAL CENTER
[19-cv-01992-JCC] - Page 5