The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON ANDERSON SAEVIK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SWEDISH MEDICAL CENTER and REBECCA DAY, individually and as Clinic Operations Manager of its Organ Transplant and Liver Center,<br><br>　　　　　　　Defendants. | No. 2:19-cv-01992-JCC<br><br>DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br><br>*Note on Motion Calendar*:<br>June 11, 2021 |

## I.　　INTRODUCTION

Defendants Swedish Medical Center and Rebecca Day ("Defendants") respectfully request that the Court enter a protective order limiting the scope of Plaintiff Shannon Anderson Saevik's overbroad Rule 30(b)(6) deposition notice. Swedish has agreed to designate a representative on nearly all of the noticed topics and has worked diligently with Plaintiff to negotiate the scope of other initially objectionable topics contained in Plaintiff's deposition notice. However, the parties have been unable to reach agreement on topics 3, 6, 9, 12, and 19, which are overbroad, unduly burdensome, irrelevant, and lacking in reasonable particularity.

MOTION FOR PROTECTIVE ORDER- 1
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

Plaintiff's Rule 30(b)(6) notice seeks to improperly elicit testimony about the following: topics 3 ("Any restructuring plans for the hospital"), 6 ("Hiring practices in the Organ Transplant and Liver Center at Swedish Medical Center"), 9 ("Policies and procedures for adhering to collective bargaining agreements"), 12 ("Investigations into any of the compliance policies and underlying facts discovered through compliance investigation") and 19 ("Any and all facts leading up to, concerning, and/or surrounding any investigation of the accuracy and validity of Plaintiff Shannon Anderson Saevik's medical treatment performed by Swedish hospital caregivers").

Plaintiff is clearly on a fishing expedition. The central issues in this lawsuit are whether Plaintiff was discriminated against on the basis of her disability, whether she was reasonably accommodated, whether she worked in a hostile work environment, whether Defendants retaliated against her, whether she was denied medical leave she was entitled to, and whether she was terminated in violation of public policy. Defendants' plans for restructuring, hiring practices, and policies and procedures for adhering to collective bargaining agreements ("CBAs") are wholly irrelevant to these core issues. Similarly irrelevant are all investigations into any compliance policies, and any investigation into Plaintiff's medical treatment.

Defendants should not be required to prepare and offer a Rule 30(b)(6) deponent to testify as to these invasive, overbroad, and irrelevant topics as noticed. Defendants respectfully request this Court enter a protective order that precludes Plaintiff from questioning Swedish's Rule 30(b)(6) designee about topics 3, 6, 9, and 19 and reasonably narrow the temporal scope of topic 12 from January 1, 2015 to present.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Defendants Have Made Consistent, Diligent Efforts to Confer About the Topics at Issue.

On February 3, 2021, Plaintiff's counsel served a 30(b)(6) deposition notice unilaterally noting the Rule 30(b)(6) deposition for February 15, 2021.[1] On February 12,

---

[1] ECF Nos. 36, 36-1, *Declaration of Mary Sanden ISO Motion to Continue Trial Date and Pretrial Schedule* ("Sanden Decl.") at ¶ 2, Ex. A

MOTION FOR PROTECTIVE ORDER- 2
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

2021, Plaintiff's counsel served an amended 30(b)(6) deposition notice, re-noting the deposition for March 15, 2021.[2] Following their review of Plaintiff's amended 30(b)(6) deposition notice, counsel for Defendants served a letter on March 4, 2021 objecting to many of Plaintiff's topics (including the topics at issue here) as not defined with the required reasonable particularity including because they were not limited to a specific date or time period, to the Organ Transplant and Liver Center where Plaintiff worked, or to the claims Plaintiff asserted in this litigation.[3]

On March 9, 2021, the parties conferred on Plaintiff's amended 30(b)(6) deposition notice.[4] The parties discussed Defendants' objections to many of the topics but did not finish their conferral because Plaintiff's counsel stated that he wanted to "table" discussion of several topics.[5] Because the parties did not finish discussing all the topics, they agreed to not move forward with the 30(b)(6) deposition on March 15, 2021 and did not set a new deposition date at that time.[6]

At the end of March, counsel for the parties discussed scheduling additional depositions, including the 30(b)(6) deposition.[7] Defendants' counsel reminded Plaintiff's counsel that "you were going to get back to us on a few of the 30b6 deposition topics that we agreed to table during our March 9 conferral. It would be helpful to receive an updated 30b6 deposition notice before our call, as that will guide the 30b6 deposition scheduling."[8] Included in the topics Defendants were seeking clarity on were topics 3, 6, 9, 12, and 19. Plaintiff's counsel ignored this request and, on April 7, 2021, stated that he would like to "think about getting the 30(b)(6) and Plaintiff's dep on the calendar as priority."[9] Defendants' counsel responded, reiterating her request for Plaintiff's counsel to "get back to us on a few of

---

[2] *Id.* at ¶ 3, Ex. B.
[3] *Id*. at ¶ 4, Ex. C.
[4] *Id*. at ¶ 5.
[5] *Id*.
[6] *Id*.
[7] *Id.* at ¶ 6, Ex. D.
[8] *Id.*
[9] *Id.* at ¶ 7, Ex. E.

MOTION FOR PROTECTIVE ORDER- 3
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

the 30b6 deposition topics that we agreed to table during our March 9 conferral. Once we've reviewed the topics and conferred again, as necessary, we can move forward with designating witnesses and selecting a date/s."[10]

Plaintiff's counsel again refused to provide clarity on the 30(b)(6) deposition topics and did not issue an amended deposition notice, but instead simply stated on May 4, 2021 that the parties should proceed with setting the 30(b)(6) for the "issues that are not in dispute."[11] Attempting to again clarify the topics Plaintiff's counsel wanted to proceed with, Defendants' counsel responded with her understanding of the five topics to which the parties had agreed and requested Plaintiff's counsel send an updated 30(b)(6) notice and confer on the topics that remained disputed, including topics 3, 6, 9, 12, and 19. In response to Defendants' email, Plaintiff's counsel simply stated, "agreed."[12]

When Defendants' counsel asked Plaintiff's counsel to clarify to what he "agreed" and again requested that he "let us know exactly which 30(b)(6) topics you intend to move forward on so we can continue conferring as necessary and designate witnesses," Plaintiff's counsel responded on May 13, 2021 that he was "working on" Defendants' request that day.[13]

When Plaintiff's counsel again did not provide the requested information, Defendants' counsel notified him on May 18, 2021 that a continuation of the case deadlines would be necessary if Plaintiff intended to move forward with a 30(b)(6) deposition in order to allow the parties sufficient time to confer again, for Defendants to designate and prepare witnesses, and for Plaintiff to take the 30(b)(6) deposition/s.[14] After Plaintiff's counsel responded the next day, simply stating he would extend only the discovery cut-off until June 30 if Defendants agreed to "produce the 30(b)(6) designees on June 7," Defendants' counsel responded on May 20, "I'm unclear what you mean by 'produce the 30(b)(6) designees on June 7.' If you mean, schedule 30(b)(6) depositions on June 7, we do not know what depositions to schedule

---

[10] *Id.*
[11] *Id.* at ¶ 8, Ex. F.
[12] *Id.* at ¶ 9, Ex. G at 10.
[13] *Id.* at 8.
[14] *Id.* at 4.

MOTION FOR PROTECTIVE ORDER- 4
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

because you have not told us what 30(b)(6) topics, if any, you intend to move forward on despite our <u>repeated</u> requests for this information following our 30(b)(6) conferral over two months ago. Please provide that information."[15] Defendants' counsel also requested that Plaintiff's counsel confer on Monday afternoon, May 24, "If you intend to proceed with a 30(b)(6) deposition/s and will not adjust all case deadlines."[16]

Rather than responding to Defendants' request for clarification and to confer, later that same day Plaintiff's counsel filed a motion to compel its 30(b)(6) deposition [ECF No. 33] and attached as an exhibit an amended 30(b)(6) deposition notice that he had not yet served on Defendants.[17] It wasn't until *after* filing Plaintiff's motion, that Plaintiff's counsel served the 30(b)(6) deposition notice on Defendants, which unilaterally re-noted the deposition for June 7, 2021, did not revise any topics to reflect the parties' prior partial conferral on March 9, 2021, and included topics that Plaintiff's counsel had tabled months prior.[18] On May 24, Defendants' counsel reiterated its request to confer on the 30(b)(6) topics and a continuance, and, after initially declining, Plaintiff's counsel agreed to confer on May 25, 2021.[19]

### B. Plaintiff's Counsel Finally Agreed to Confer on the Remaining Rule 30(b)(6) Deposition Topics Only *After* He Filed a Motion to Compel.

On May 25, 2021, counsel for the parties finished conferring telephonically on Plaintiff's 30(b)(6) deposition topics (as well as on Defendants' request for a continuation to the case deadlines).[20] During the conferral, Plaintiff's counsel confirmed his intent to move forward with all the topics he had previously tabled, including topics 6, 9, and 19, and rejected Defendants' prior offer to narrow the scope of topics 3, 6, 9, 12, and 19.[21] Following their review of Plaintiff's position and the subsequent email of Plaintiff's counsel confirming he would limit the time range from January 1, 2015 to present on all topics except topic 12, and

---

[15] *Id.* at 2-3.
[16] *Id.* at 3.
[17] *Id.* at ¶ 10, Ex. H.
[18] *Id.*
[19] *Id.* at ¶ 9, Ex. G at 1-2.
[20] Declaration of Mary Sanden in Support of Defendants' Motion for Protective Order ("Sanden PO Decl.") at ¶ 2.
[21] *Id.*

MOTION FOR PROTECTIVE ORDER- 5
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

the geographic scope to the Organ Transplant and Liver Center at Swedish, Defendants agreed to the majority of the topics. [22] Defendants could not, however, agree to topics 3, 6, 9, 12, and 19 because (1) topic 12 is temporally overbroad as it has no date limitation; and (2) topics 3, 6, 9, and 19 have no relevance to Plaintiff's claims. [23] As topics 3, 6, 9, 12, and 19 remain overbroad, unduly burdensome, irrelevant, and lacking in reasonable particularity, Defendants now seek a protective order and have notified Plaintiff's counsel of the same.[24]

### III.     ARGUMENT

#### A.     Legal Standard.

Rule 26(c)(1) provides that, for good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Although a litigant normally must bear the burden of relevant discovery, discovery seeking irrelevant information is inherently unduly burdensome.  *See, Jimenez v. City of Chicago*, 733 F.Supp.2d 1268, 1273 (W.D.Wash.2010) (citing *Compaq Computer Corp. v. Packard Bell Elecs.*, 163 F.R.D. 329, 335--336 (N.D.Cal.1995)); *see also*, *Monte H. Greenawalt Revocable Trust v. Brown*, 2:12-CV-01983-LRH, 2013 WL 6844760 (D. Nev. Dec. 19, 2013).  Thus, where information sought in discovery is irrelevant, "the court should restrict discovery to protect a party from 'annoyance, embarrassment, oppression, or undue burden or expense...'." *E.E.O.C. v. U.S. Bakery*, *CIV*. 03-64-HA, 2004 WL 1307915, *2 (D. Or. Feb. 4, 2004); *see also, Herbert v. Lando,* 441 U.S. 153, 177 (1979) ("The requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

Moreover, the "effectiveness of [Rule 30(b)(6)] bears heavily upon the parties' *reciprocal* obligations." *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (emphasis added).  "Only when the requesting party has 'reasonably particularized'

---

[22] *Id.* at ¶ 3, Ex. A.
[23] *Id.* at ¶ 4.
[24] *Id.* at ¶ 3, Ex. A.

MOTION FOR PROTECTIVE ORDER- 6
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

the subjects about which it wishes to inquire can the responding party produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry." *Id.* "When the notice is overbroad, the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible." *Id.* "Courts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices." *Reno v. W. Cab Co.*, No. 218CV00840APGNJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020) (internal quotations omitted).

Here, Topics Nos. 3, 6, 9, 12 and 19 as noticed are not stated with reasonable particularity, are overbroad, and seek irrelevant information. For all of these reasons, there is good cause to enter a protective order to protect Defendants from undue burden; Defendants' Motion for Protective Order should be granted.

### B. Topics 3, 6, and 9 Seek Irrelevant Information About Swedish's Compliance with a CBA.

During the May 25, 2021 conferral, Plaintiff's counsel stated he wanted to ask about topics 3 (restructuring), 6 (hiring practices), and 9 (policies and practices for adhering to CBAs) because Plaintiff believes Swedish may have violated the CBA by hiring non-bargaining unit employees to perform bargaining unit work. [25] However, Plaintiff has not alleged *any* claim relating to the restructuring or hiring practices at Swedish and whether Swedish hired outside of the bargaining unit has no bearing on Plaintiff's claims. Accordingly, those topics are irrelevant and therefore producing a witness to testify about the same would be unduly burdensome. *See, Jimenez v. City of Chicago*, 733 F.Supp.2d 1268, 1273 (W.D.Wash.2010).

To the extent Plaintiff alleges she was wrongfully discharged for taking 30 minutes to debrief after a grievance hearing, which she asserts was permitted under the CBA, her claim is precluded under the Labor Management Relations Act (LMRA) and Defendants should not be forced to produce a witness to testify on the same. In *Allis–Chalmers v. Lueck*, 471 U.S. 202

---

[25] Sanden PO Decl. at ¶ 2.

MOTION FOR PROTECTIVE ORDER- 7
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

(1985), the Supreme Court created a relatively expansive standard to determine what types of claims are preempted by the LMRA. The Court stated that the LMRA not only preempts suits based on a contract (i.e. CBA) violation, but the statute also preempts those suits involving "the meaning given a contract phrase or term." *Id.* at 211. The Court held that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must be treated as a § 301 claim, or dismissed as preempted by Federal labor-contract law." *Id.* at 220 (citation omitted).

Plaintiff alleges her state-law wrongful discharge claim is premised on a term in the CBA which she has interpreted to allow her to take a 30 minute paid break following a grievance hearing.[26] Under this framework, to determine liability, the Court would have to interpret a term in the CBA to decide whether Plaintiff was wrongfully discharged. Accordingly, her claim is preempted by the LMRA. *House v. Illinois Bell Tel. Co.*, 148 F. Supp. 3d 701, 707 (N.D. Ill. 2015). If a claim is preempted, it must be brought under the LMRA, which requires employees to exhaust grievance and arbitration procedures set forth in CBAs before filing suit. *See McCoy v. Maytag Corp.*, 495 F.3d 515, 524 (7th Cir.2007). Plaintiff has failed to exhaust these procedures. As her wrongful discharge claim is preempted, and that is her *only* claim that relates to the CBA, any inquiry into Swedish's compliance with CBA is irrelevant and unduly burdensome.

### C. Topic 12 is Overly Broad, Unduly Burdensome, and is Not Stated with Reasonable Particularity.

Because Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party, for the Rule "to effectively function, the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and *that are relevant to the issues in dispute*." *United States v. HVI Cat Canyon, Inc.,* No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) (emphasis added). Topics must be drafted in accordance with the widely-recognized

---

[26] ECF No. 7, *Complaint for Damages and Other Relief* at ¶ 14.

MOTION FOR PROTECTIVE ORDER- 8
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

understanding that "Rule 30(b)(6) is not designed to be a memory contest." *Great Am. Ins. Co. of New York v. Vegas Const. Co.,* 251 F.R.D. 534, 539 (D. Nev. 2008). Here, Plaintiff's topic 12, as drafted, compels Swedish to prepare a witness to testify about "[i]nvestigations into any of the compliance policies and underlying facts discovered through compliance investigation." Not only is this topic not stated with reasonable particularity to the extent it fails to define "compliance policies" and "underlying facts discovered," but it also has no temporal limitation. As noticed, to be adequately prepared to testify, Swedish would be forced to spend countless hours and attorneys' fees to prepare a witness(es) to testify about *all* investigations into *any* policy violations, at each of its more than 100 clinics, over an *indefinite* period of time. Requiring such testimony would inevitably result in an impermissible and unduly burdensome memory contest. Moreover, how Swedish handled investigations into policy violations ten, twenty, or even thirty years ago at different clinics than where Plaintiff worked is indisputably not relevant to Plaintiff's claims in this litigation.

In a good faith effort to reach agreement on this topic and to ensure Swedish could fulfill its obligation to adequately prepare a witness(es), Swedish proposed narrowing this topic's temporal scope and narrowing the geographic scope to the Organ Transplant and Liver Center where Plaintiff worked.[27] Plaintiff refused to apply the same temporal scope – from January 1, 2015 to the present that he proposed for all other topics – but appears to have accepted Defendants' geographical scope proposal in March 26, 2021 correspondence.[28] Defendants are willing to limit the temporal scope to January 1, 2015 to present as it would allow Plaintiff to inquire about the relevant issues in this matter.

**D.     Topic 19 is Not Stated with Reasonable Particularity and Seeks Irrelevant Information.**

Topic 19 seeks testimony about "[a]ny and all facts leading up to, concerning, and/or surrounding any investigation of the accuracy and validity of Plaintiff Shannon Anderson Saevik's medical treatment performed by Swedish hospital caregivers." Plaintiff should be

---

[27] Sanden PO Decl. at ¶ 3, Ex. A.
[28] *Id*.

MOTION FOR PROTECTIVE ORDER- 9
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

precluded from asking about this topic for two reasons. First, this topic seeks irrelevant testimony. Plaintiff has not alleged a medical malpractice claim.[29] Second, this topic is not stated with reasonable particularity. It remains unclear to Defendants what testimony Plaintiff is seeking as there was *no investigation* into Plaintiff's medical treatment. At the May 25, 2021 conferral, Plaintiff's counsel stated he was seeking testimony about an investigation into a complaint Plaintiff made about an alleged HIPAA violation[30], but that complaint is outside the scope of this topic that seeks testimony about Plaintiff's medical treatment. To the extent Plaintiff seeks information about an investigation into the HIPAA violation conducted by Defendants' counsel, such information is also privileged and is therefore not subject to discovery. *See* FRCP 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.) For these reasons, a protective order should be issued to prevent testimony into this topic.

## IV.   CONCLUSION

Good cause exists for the Court to enter a protective order. Defendants respectfully request the Court issue a protective order precluding Plaintiff's from asking Swedish's Rule 30(b)(6) deponent about topics 3, 6, 9, and 19, and limiting the scope of topic 12 to January 1, 2015 to present.

DATED this 3rd day of June, 2021.

> Davis Wright Tremaine LLP
> Attorney for Defendants
>
> By  *s/ Kathryn Rosen*
> Kristina Markosova, WSBA #47924
> Kathryn Rosen, WSBA #29465
> Davis Wright Tremaine LLP
> 920 Fifth Avenue, Suite 3300
> Seattle, WA 98104
> Telephone: 206.622.3150
> kristinamarkosova@dwt.com
> katierosen@dwt.com

---

[29] ECF No. 7, *Complaint for Damages and Other Relief.*
[30] Sanden PO Decl. at ¶ 2.

MOTION FOR PROTECTIVE ORDER- 10
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

1
2
3
4
5
6

By *s/ Mary Sanden*
Paula Lehmann, WSBA #20678
Mary Sanden, WSBA #45608
929 108th Ave NE, Suite 1500
Bellevue, WA 98004
Telephone:  (425) 646-6100
Fax:  (425) 646-6199
E-mail:  paulalehmann@dwt.com
marysanden@dwt.com

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

MOTION FOR PROTECTIVE ORDER- 11
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure

DATED this 3rd day of June 2021.

*s/ Tabitha Moe*
Tabitha Moe, Executive Legal Assistant

MOTION FOR PROTECTIVE ORDER- 12
(Case No. 2:19-cv-01992-JCC)
4843-3115-7484v.2 0093600-000061

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax