THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON ANDERSON SAEVIK,<br><br>Plaintiff,<br><br>v.<br><br>SWEDISH MEDICAL CENTER and REBECCA DAY, individually and as Clinic Operations Manager of its Organ Transplant and Live Center,<br><br>Defendants. | CASE NO. C19-1992-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 33) and Defendants' motion to continue trial and revise the pretrial schedule (Dkt. No. 35.) Having considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES without prejudice Plaintiff's motion to compel and GRANTS Defendants' motion to continue for the reasons described herein.

Plaintiff, who alleges that Defendant Swedish Medical Center ("Swedish") botched a medical procedure performed on her and then unlawfully fired her, brings wrongful discharge and related claims against Swedish and Plaintiff's superior at Swedish, Rebecca Day. (*See* Dkt. No. 1-3.) The discovery cut off in this matter is presently set for June 7, 2021, dispositive motions are due July 16, 2021 and trial is scheduled for October 7, 2021. (Dkt. No. 30.)

Defendants move to continue the discovery period and resulting deadlines. (Dkt. No. 35.) They indicate Plaintiff only recently produced, and/or Defendants only recently received, information necessary to depose Plaintiff. (*See* Dkt. No. 36.) In addition, the parties have not yet agreed on the scope of the deposition of Swedish's Rule 30(b)(6) representative. (*See* Dkt. No. 33-3 at 2.) Given the delay in production to date and the outstanding depositions sought by the parties, (*see* Dkt. Nos. 33 at 3, 35 at 8–9), the Court finds good cause to modify the remaining case management dates, *see* Fed. R. Civ. P. 16(b)(4). Case management dates are revised as follows:

| **Case Management Event** | **Revised Due Date** |
| --- | --- |
| Discovery cut off | September 26, 2021 |
| Dispositive motions | October 26, 2021 |
| Settlement conference | November 17, 2021 |
| Rule 39.1 mediation letter of compliance | December 24, 2021 |
| Motions *in limine*[1] | December 31, 2021 |
| Proposed jury instructions, verdict form[2] and *voir dire* | January 14, 2022 |
| Agreed pretrial order and trial briefs | January 19, 2022 |
| Trial date[3] | January 24, 2022 |

//

---

[1] Any objections or responses to the motions *in limine* must be filed no later than seven days from service of the motion.

[2] The Court relies primarily upon the Ninth Circuit Manual for Model Jury Instructions to prepare final instructions for submission to the jury. Two sets of course-of-trial and end-of-trial jury instructions and a verdict form should be submitted. One set should be numbered sequentially, with citations, indicating whether the instruction is agreed or disputed. A second, clean copy without numbering, citations, or indication whether the instruction is agreed or disputed should be submitted. All standard jury instructions should be included. The proposed instructions and the verdict form should also be submitted in word format to the following e-mail address: CoughenourOrders@wawd.uscourts.gov.

[3] The pretrial conference, currently set for October 7, 2021, is VACATED. If a conference becomes necessary, the Court will address a date for it at the parties' request.

ORDER
C19-1992-JCC
PAGE - 2

Separately, Plaintiffs move to compel production of Swedish's Rule 30(b)(6) deponent. (Dkt. No. 33.) In doing so, Plaintiff includes a meet and confer certification. (*Id.* at 3, *see* Dkt. No. 33-2 at 3.) But Plaintiff's certification is inadequate—a discovery conference occurring more than two months prior is not a good faith attempt to meet and confer to resolve the parties' differences regarding the present scope of the deposition of Swedish's Rule 30(b)(6) representative. *See* Fed. R. Civ. P. 37(a)(1); W.D. Wash. Local Civ. R. 37(a)(1). If, following Plaintiff's good faith attempt to meet and confer, Swedish refuses to provide a representative for a Rule 30(b)(6) deposition, Plaintiff may renew her motion to compel.

For the reasons described above, Defendants' motion to continue (Dkt. No. 35) is GRANTED and Plaintiff's motion to compel (Dkt. No. 33) is DENIED without prejudice. The Court declines Defendants' request for fees, (*see* Dkt. No. 37 at 9), finding that such an award would be unjust in this instance. *See* Fed. R. Civ. P. 37(a)(5)(B).

DATED this 4th day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE