THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9    SHANNON ANDERSON SAEVIK,                    CASE NO. C19-1992-JCC

10                       Plaintiff,              ORDER

11          v.

12   SWEDISH MEDICAL CENTER and
     REBECCA DAY, individually and as Clinic
13   Operations Manager of its Organ Transplant
     and Live Center,
14

15                       Defendants.

16

17          This matter comes before the Court on Defendants' motion for a protective order (Dkt.

18   No. 41). Having considered the parties' briefing and the relevant record, the Court hereby

19   GRANTS in part and DENIES in part Defendants' motion for the reasons described below.

20          Plaintiff is a former Swedish Medical Center ("Swedish") employee. (Dkt. No. 1-3 at 2.)

21   She contends that, after Swedish performed a corrective medical procedure on her, Plaintiff's

22   superiors at Swedish harassed her, violated her medical privacy, and unlawfully discharged her.

23   (Dkt. No. 43 at 1–2.) Plaintiff filed a complaint naming Swedish and one of Plaintiff's superiors.

24   (Dkt. No 1-2.) Plaintiff alleges violations of Washington's Law Against Discrimination

25   ("WLAD") and the Family Medical Leave Act ("FMLA"), a hostile work environment,

26   retaliation, and a violation of public policy. (*Id.* at 5.) The parties have been unable to come to

ORDER
C19-1992-JCC
PAGE - 1

1  terms on the scope of Plaintiff's Rule 30(b)(6) deposition of a Swedish representative and, as a

2  result, Defendants move for a protective order limiting the topics to be covered in the deposition.

3  (Dkt. No. 41.) At issue are the following topics: #3 (hospital restructuring plans), #6 (hiring

4  practices in the unit where Plaintiff worked), #9 (policies and practices regarding adherence to

5  collective bargaining agreements), #12 (compliance investigations), and #19 (facts concerning

6  the investigation of Plaintiff's medical treatment performed by Swedish caregivers). (Dkt. Nos.

7  41, 46; *see* Dkt. No. 48-1 at 3–4.)

8         If a party believes that a Rule 30(b)(6) subpoena or notice is improper, it may move for a

9  protective order. Fed. R. Civ. P. 26(c)(1). Swedish does so, seeking a protective order limiting

10  the scope of topic 12 and barring questions regarding topics 3, 6, 9, and 19. (Dkt. No. 41 at 10.)

11  A Rule 30(b)(6) deposition notice must "describe with reasonable particularity the matters for

12  examination." Fed. R. Civ. P. 30(b)(6). In addition, the topics described must be "relevant" and

13  "proportional." *Buie v. District of Columbia*, 327 F.R.D. 1, 9 n.3 (D.D.C. 2018) (distinguishing

14  between Rule 30(b)(6)'s reasonable particularity requirement and Rule 26's requirements).

15  Relevant information is "any matter that bears on, or that reasonably could lead to other matter

16  that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*,

17  437 U.S. 340, 351 (1978). Proportionality is a matter of "the importance of the issues at stake in

18  the action, the amount in controversy, the parties' relative access to relevant information, the

19  parties' resources, the importance of the discovery in resolving the issues, and whether the

20  burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

21  26(b)(1). The party seeking a protective order bears the burden of showing that there is good

22  cause for the court to issue the order. *In re Roman Catholic Archbishop of Portland*, 661 F.3d

23  417, 424 (9th Cir. 2011).

24         Defendants first argue that topics 3, 6, and 9 seek irrelevant information. (Dkt. No. 41 at

25  7–8.) However, as Plaintiff points out, topics 3 and 6, addressing Swedish's restructuring plans

26  and its hiring practices, are relevant because, at the time of Swedish's allegedly unlawful

ORDER
C19-1992-JCC
PAGE - 2

treatment of Plaintiff, it "was entering a period in which restructuring and operational changes were proposed" and "[i]t is a question for the jury whether new plan implementations motivated [Plaintiff's superiors] to disallow [her accommodation requests] during her period of [] recovery . . . ." (Dkt. No. 46 at 5.) To the extent that Swedish's restructuring plans and hiring practices impacted Plaintiff's working conditions, the Court agrees that this information is relevant. Nevertheless, the topic as noticed is overbroad. The temporal scope of topics 3 and 6 should be limited to plans and practices developed and/or implemented between March 1, 2017 and September 5, 2019, as these are the dates relevant to Plaintiff's allegations. (*See* Dkt. No. 1-3 at 2–4.)

The Court does agree, though, with Defendants that topic 9, adherence to collective bargaining agreements, is irrelevant. There is no need for Swedish's Rule 30(b)(6) deponent to address questions regarding the issue because Plaintiff's state law claims, if predicated on violations of Swedish's collective bargaining agreement, are preempted by the Labor Management Relations Act. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985).

Defendants next argue that topic 12 is overly broad, unduly burdensome, and not stated with reasonable particularity. (Dkt. No. 41 at 8–9.) By not providing a temporal limitation or specificity regarding which compliance policies or underlying facts Plaintiff seeks information on, Defendants argue that, as noticed, they would be forced to prepare the Rule 30(b)(6) deponent to speak to investigations into (a) *any* policy violation (b) at more than 100 clinics (c) over an indefinite period of time, which is an unnecessary burden. (Dkt. No. 41 at 9.) The Court agrees that the topic as noticed is temporally and substantively overbroad and unduly burdensome.

Rather than attempt to narrow topic 12 on its own, the Court DIRECTS the parties to meet and confer and, if unable to come to terms on the issue, submit proposed versions to the Court of topic 12, narrowed in time and subject matter, no later than June 21, 2021. The Court will then provide an expedited ruling on the matter. Respective proposals shall take the form of a

1   letter brief[1] not to exceed one page.[2] The letter briefs must contain, besides the parties' proposed

2   temporal and substantive limitations, a certification that each party has met and conferred in a

3   good-faith attempt to resolve the issue. Argument may also be included in the letter brief, but

4   only to the extent it can be accommodated within the one-page limit.

5          Finally, Defendants argue that topic 19 is not stated with reasonable particularity and

6   seeks irrelevant information. (Dkt. No. 41 at 9–10.) Specifically, Defendants suggest that internal

7   investigations regarding the accuracy and validity of the medical treatment performed on

8   Plaintiff at Swedish would be irrelevant because Plaintiff does not bring a medical malpractice

9   claim against Swedish and, in fact, there was no investigation by Swedish employees into

10  Plaintiff's medical treatment. (*Id.* at 10.) But whether an investigation occurred and the nature of

11  such an investigation is a disputed fact. Plaintiff alleges that her superiors at Swedish sought out

12  details regarding her medical procedures. (Dkt. No. 46 at 6–7.) Topic 19 speaks to what

13  investigations took place, the propriety of those investigations, and the propriety of Swedish's

14  response to those investigations. Therefore, topic 19 is relevant to Plaintiff's claims, regardless

15  of whether they include a claim for medical malpractice. Nor does the Court view the topic, as

16  noticed, to be overbroad. (*See* Dkt. No. 48-1 at 4 (seeking information on ""[a]ny and all facts

17  leading up to, concerning, and/or surrounding any investigation of the accuracy and validity of

18  Plaintiff['s] . . . medical treatment performed by Swedish hospital caregivers").)

19         For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants'

20  motion for a protective order (Dkt. No. 41). Topic 19 is permissible as noticed. Topic 9 is barred

21  as irrelevant. The remaining topics are relevant but require scope limitations. For topics 3 and 6,

22  the temporal limitations described above must be applied. For topic 12, the parties must meet and

23  confer regarding proposed scope limitations and if they cannot reach an agreement, they may

24

25         [1] The brief must comply with the format requirements described in Local Civil Rule 10.

26         [2] The one-page limit applies to the entire document, inclusive of captions and signature
    blocks but exclusive of certifications of service.

ORDER
C19-1992-JCC
PAGE - 4

1     seek an expedited ruling from the Court regarding their proposals.

2          DATED this 14th day of June 2021.

3

4

5          _____
           John C. Coughenour
6          UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C19-1992-JCC
PAGE - 5