THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON ANDERSON SAEVIK, | CASE NO. C19-1992-JCC |
| Plaintiff, | ORDER |
| v. | |
| SWEDISH MEDICAL CENTER and REBECCA DAY, individually and as Clinic Operations Manager of its Organ Transplant Liver Center, | |
| Defendant. | |

This matter comes before the Court on Defendants' motion to compel (Dkt. No. 57). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part Defendants' motion for the reasons described below.

The Court has discussed the facts of this case in a previous order and will not repeat them here. (*See* Dkt. No. 50.) Defendants ask the Court to extend Plaintiff's deposition beyond the seven-hour day provided in the Federal Rules. (Dkt. No. 57 at 1.) They claim this is necessary to complete inquiries on a fact-intensive, document-heavy case that were hampered by Plaintiff's vague and evasive answers and her counsel's unwarranted instructions not to answer certain questions. (*Id.* at 6–8.)

The Federal Rules of Civil Procedure favor broad pre-trial discovery. *Shoen v. Shoen*, 5

F.3d 1289, 1292 (9th Cir. 1993). And this Court has broad discretion to control that discovery. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). While the Court disfavors discovery motions, it will address them if needed.

Federal Rule of Civil Procedure 30(c)(2) authorizes instructing a deponent not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." In turn, Rule 30(d)(1) provides:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

"A defendant must show good cause for an order compelling the resumption of a deposition." *Scott v. Multicare Health System*, 2019 WL 1505880, slip op. at 1 (W.D. Wash. 2019). Here, Defendants argue that the standard seven-hour deposition was insufficient for three reasons: (a) Plaintiff's counsel's improper instructions not to answer certain questions, (b) the particularly "fact-intensive and document heavy" nature of this case, and (c) Plaintiff's "evasive and vague answers to Defense counsel's questions." (Dkt. No. 57 at 1–2, 6.)

First, Plaintiff's counsel's instructions to Ms. Saevik not to answer certain questions were improper. Plaintiff's counsel did not move to terminate or limit the deposition under Rule 30(d)(3). Further, the objections were not asserted to preserve a privilege or enforce a limitation ordered by the Court. *See* Fed. R. Civ. P. 30(c)(2). Nor did Defendants' counsel appear to pose any questions in bad faith with an intent to harass or intimidate Plaintiff. If Plaintiff's counsel found the questions objectionable, the proper course was to object for the record and allow Mrs. Saevik to answer. *See id.* (stating the general rule that deposition "testimony is taken subject to any objection"). Due to Plaintiff's counsel's inappropriate instructions not to answer, the Court ORDERS the deposition be reopened for an additional two hours so defense counsel can re-ask the questions at issue.

Second, Defendants claim more deposition time is needed due to the fact-intensive and

document heavy nature of this litigation. (*See* Dkt. No. 57 at 6.) To support this claim, Defendants argue Plaintiff brought multiple claims against multiple defendants. (*Id.*) Defendants also argue that nearly 9,000 pages of discovery have been exchanged. (*Id.*) In response, Plaintiff asserts a substantial portion of the discovery records are duplicative and largely already within Defendants' control. (Dkt. No. 59 at 8–9.) Defendant did not rebut this assertion. (*See generally* Dkt. No. 63.)

Notably, Defendants do not allege with any specificity why Plaintiff's claims are so complex that doubling the time limit imposed by Rule 30(d)(1) is necessary. "[W]hile parties may wish to cover a wide breadth of topics in a given deposition, they are necessarily required to prioritize their questions in order to remain within the limitations set by the Federal Rules." *Scott*, 2019 WL 1505880 at 2. Further, less than 10,000 pages of documents does not constitute document heavy litigation justifying additional deposition time. *See Del Sol v. Whiting*, 2015 WL 12090268, slip op. at 4 (D. Ariz. 2015) (discussing a document heavy litigation involving hundreds of thousands of documents—not just a few thousand pages). The Court rejects Defendants' assertion that this is a particularly fact-intensive and document heavy case warranting additional time for Plaintiff's deposition.

Finally, Defendants assert Plaintiff's "evasive and vague answers to Defense counsel's questions" necessitate an extended deposition. (Dkt. No. 57 at 1–2.) In support, Defendants point to Plaintiff's responses that she would have to review her records to answer Defendant's counsel's questions. (Dkt. No. 57 at 4.) The Court does not expect witnesses to have a flawless memory. And when asked to give her best guess, Mrs. Saevik did so. (*See, e.g.*, Dkt. No. 58-1 at 215, lines 22–23.) Plaintiff's responses do not appear to have impeded or delayed her examination. *See* Fed. R. Civ. P. 30(d)(1). If the records Plaintiff referenced have not been produced in discovery, Defendants should request them, not depose Plaintiff further. Accordingly, the Court rejects Defendants' claims that Plaintiff's "vague and evasive answers" necessitate an additional day of deposition.

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motion to compel (Dkt. No. 57). Plaintiff is ORDERED to appear before Defendants for a second deposition, lasting no longer than two hours. The topics that may be covered are limited to those that Plaintiff's counsel instructed Plaintiff not to answer questions on in the first deposition. Plaintiff may appear for the deposition either in-person or, if she chooses, remotely, by video conference. Plaintiff's counsel is DIRECTED not to instruct Plaintiff to not answer a question unless the answer would disclose privileged information or the question is clearly posed in bad faith with an intent to harass or intimidate Plaintiff.

DATED this 1st day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE