THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON ANDERSON SAEVIK,<br><br>Plaintiff,<br><br>v.<br><br>SWEDISH MEDICAL CENTER and REBECCA DAY,<br><br>Defendants. | CASE NO. C19-1992-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 66). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

Plaintiff moves to compel the deposition of Marlene McAninch, a Compliance Manager in Swedish's Office of Compliance & Privacy. (*See generally id.*) Plaintiff asserts Ms. McAninch's testimony is needed to provide Plaintiff with relevant discovery regarding the circumstances associated with Swedish's alleged breach of Plaintiff's medical privacy. (*Id.* at 5.) Resolution of this motion turns on a single issue: whether each of the Rule 30(b)(6) depositions taken to date by Plaintiff in this matter count as separate depositions for purposes of Federal Rule of Civil Procedure 30(a)(2)(A)(i). If so, the parties agree that a deposition of Ms. McAninch would require leave of the Court. (*See generally* Dkt. Nos. 66, 71, 76.) And Plaintiff would need to make a particularized showing of why the deposition is necessary, including a showing that

previous depositions were also necessary. *See Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013) (citing *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996)); *Galajian v. Beard*, 2016 WL 5373116, slip op. at 2 n.3 (W.D. Wash. 2016).

A recent Ninth Circuit opinion suggests that all Rule 30(b)(6) depositions are "'treated as a single deposition even though more than one person may be designated to testify.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 679 n.13 (9th Cir. 2018) (quoting Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment.) While this statement is dictum, it is highly persuasive. *See Export Group v. Reef Industries, Inc.*, 54 F.3d 1466, 1472 (9th Cir. 1995). As Judge Martinez indicated when reaching a similar holding, "Rule 30(b)(6) depositions are different from depositions of individuals." *Loops LLC v. Phoenix Trading, Inc.*, 2010 WL 786030, slip op. at 2 (W.D. Wash. Mar. 4, 2010). "[L]arge corporations may have 'voluminous and complex documents and may require testimony from multiple officers and custodians to provide comprehensive testimony' in response to a 30(b)(6) subpoena." *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234 (E.D. Pa. 2008)). "A party should not be put at a disadvantage when seeking information from such a corporation." *Id.* Therefore, leave of the Court should not be required for an additional Rule 30(b)(6) deposition.

Defendants counter that each Rule 30(b)(6) deposition must count against the limit provided in Rule 30(a)(2). (Dkt. No. 71 at 4.) In support, they cite the advisory committee notes to the 2000 amendment, which provide that "the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment. But this is not the committee's full statement. The committee *also* indicates that the convention only applies "[f]or purposes of [the seven-hour] durational limit." *Id.* When the committee's notes to *both* the 1993 and 2000 amendments are combined, the resulting guidance is as follows: Without leave of the Court, ten depositions are permitted, each is limited to seven-hours per day to provide deponents with "reasonable breaks

during the day for lunch and other reasons,"[1] and all Rule 30(b)(6) depositions are considered a single deposition *for purposes of the numeric limit*. This conclusion is consistent with other court's holdings. *See, e.g.*, *Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002); *Meltzer/Austin Rest. Corp. v. Benihana Nat. Corp.*, 2013 WL 2607589, slip op. at 11 (W.D. Tex. 2013); *In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, slip op. at 3 (N.D. Ill. 2005).

Defendants cite only one case on the issue: *Reynolds Metals Co. v. Alcan, Inc.*, 2005 WL 8172239, slip op. at 1 (W.D. Wash. 2005). (Dkt. No. 71 at 4.) But that case does not support their argument. In *Reynolds Metals Co.*, Judge Lasnik granted a motion to compel an additional day of testimony from one of multiple Rule 30(b)(6) designees because the deposition had taken less than seven hours. *See* 2005 WL 8172239, slip op. at 1–2 (finding that the plaintiff "was entitled [to] one day of seven hours for *each of the depositions of the five 30(b)(6) witnesses*." (emphasis added)). The Court is unaware of any case supporting Defendants' argument that each 30(b)(6) designee counts separately against the ten-deposition limit. Accordingly, the Court FINDS that the deposition of Ms. McAninch may go forward without leave.

Plaintiffs ask the Court for attorney fees and the appointment of a magistrate to ensure Defendants' compliance with this order. (Dkt. No. 66 at 9.) Attorney fees are not warranted. Given the lack of controlling authority on the issue described above, Defendants' failure to provide Plaintiffs with access to Ms. McAninch was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A). Moreover, appointing a magistrate is unnecessary. While it ideally should not have to, the Court has demonstrated that it is fully capable of resolving discovery disputes that the parties cannot and, if necessary, enforcing those rulings.

Accordingly, Plaintiff's motion to compel (Dkt. No. 66) is GRANTED in part and DENIED in part. Defendants' motion to strike (Dkt. No. 83) is DENIED as moot. While Plaintiff's reply brief (a) exceeds the relevant page limits, (b) presents impermissible argument

---

[1] Fed. R. Civ. P. 30 advisory committee's notes to 2000 amendment.

and (c) makes unsupported assertions, the Court need not consider those impermissible pages, argument, or allegations to reach this holding.

DATED this 28th day of October 2021.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE