THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON ANDERSON SAEVIK,

                  Plaintiff,

      v.

SWEDISH MEDICAL CENTER and
REBECCA DAY, individually and as Clinic
Operations Manager of its Organ Transplant
and Liver Center,

                  Defendants.

CASE NO. C19-1992-JCC

ORDER

       This matter comes before the Court on Plaintiff's motion to retax costs (Dkt. No. 146). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part Plaintiff's motion for the reasons explained herein.

**I.      BACKGROUND**

       Following the Court's order granting summary judgment, Defendants, as the prevailing parties, submitted a bill of costs seeking $28,995.51. (Dkt. No. 137.) Defendants sought to recoup the following items: (1) the $400 federal court filing fee, (2) $10,716.35 in deposition costs, (3) $17,859.16 in e-discovery costs, and (4) $20 in attorney docket fees. (*Id.* at 5.) After disallowing $4,881.64, the Clerk of the Court entered an award of costs for the remaining

1   $24,113.87. (Dkt. No. 145 at 1–2.) Plaintiff now moves the Court to vacate, stay, or modify the

2   this award. (Dkt. No. 146.)

3   **II.**      **DISCUSSION**

4         **A.**         **Legal Standard**

5         Under federal law,[1] a prevailing party can recover costs, other than attorney fees, from a

6   losing party. FED. R. CIV. P. 54(d)(1). The Court reviews the Clerk's award of costs *de novo*.

7   *Lahrichi v. Lumera Corp.*, 2007 WL 1521222, slip op. at 7 (W.D. Wash. 2007) *aff'd*, 433 F.

8   App'x 519 (9th Cir. 2011). Recoupable costs include: (1) the clerk's and marshal's fee, (2) fees

9   for printed or electronically recorded transcripts obtained for use in the case (3) printing and

10   witness fees, (4) exemplification and copy costs if obtained for use in the case, (5) docket fees,

11   and (6) court-appointed expert and interpreter compensation. 28 U.S.C. § 1920. The federal rules

12   "create[] a presumption for awarding [these] costs to prevailing parties, and the losing party must

13   show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–

14   45 (9th Cir. 2003). The Court is not required to specify reasons for imposing costs upon the

15   losing party; but it must do so when refusing to tax costs. *Id.* at 945.

16         **B.**         **Defendants' Motion to Strike**

17         A reply brief filed in support of a motion noted under LCR 7(d)(3) must not exceed six

18   pages, and litigants must submit briefs and all supporting materials before the noting date. LCR

19   7(d)(3), (g). Plaintiff submitted an untimely declaration and supporting documents regarding her

20   financial position (Dkt. No. 152) as well as an overlength reply brief (Dkt. No. 150). Defendants

21   filed a surreply (Dkt. No. 154) asking the Court to strike the excess pages from Plaintiff's reply,

22   along with her late submissions.

23

24

25

26       [1] Plaintiff argues costs should be taxed under Washington state law, specifically RCW 4.84.010. (Dkt. No. 164 at 3.) But the award of costs is an issue of procedure, and thus federal law governs. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167–68 (9th Cir. 1995).

1    The Court has warned Plaintiff about the need to comply with the Local Civil Rules and

2  the Federal Rules of Civil Procedure. (*See, e.g.*, Dkt. Nos. 45 at 3 (regarding an inadequate meet-

3  and-confer), 70 at 2 (regarding improper instructions not to answer at a deposition), 124 at 1

4  (another inadequate meet-and-confer).) Nevertheless, Plaintiff has again failed to do so.

5  Therefore, the Court GRANTS Defendants' request and STRIKES pages seven through nine

6  from Plaintiff's reply brief, as well as her untimely declaration and exhibits.

7          **C.    Plaintiff's Motion to Retax Costs**

8          Plaintiff asks the Court to set aside, stay, or modify Defendants' costs award. (*See* Dkt.

9  No. 146 at 2–9.) She argues the amount awarded would unduly burden her, given her lack of

10  employment and her medical situation. (*See id*. at 9.) But the Court cannot set aside or vacate an

11  award of costs based solely on the losing party's limited financial resources. *See Ass'n of Mex.-*

12  *Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). Rather, there must be "extraordinary"

13  reasons that justify denying costs. *Id.* And Plaintiff fails to explain why her limited means makes

14  this case "extraordinary." This is particularly so in light of her late-filed declarations supporting

15  her alleged financial position. *See supra* Part II.B. Nor does Plaintiff present a persuasive legal

16  argument supporting an unsecured stay.[2] However, based on the Court's *de novo* review of

17  Defendants' costs, a modification of the amount sought, as described below, is appropriate.

18          1.   Video Deposition

19          28 U.S.C. § 1920(2) allows the prevailing party to recover fees "for printed or

20  electronically recorded transcripts necessarily obtained for use in the case." Defendants seek

21  $10,716.35 in deposition costs, which include $1,513.13 for videotaping. (Dkt. No. 138-2 at 8–

22  10.) But when video recording is duplicative of stenographic reporting, the prevailing party must

23  explain why both recordings are necessary. *See Skedco, Inc. v. Strategic Operations, Inc.*, 2016

24

25

26          [2] *See Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, 2012 WL 6025746, slip op. at 4
(N.D. Cal. 2012) (applying the four-factor test from *Hilton v. Braunskill*, 481 U.S. 770, 776
(1987), in determining whether to stay taxation of costs).

1   WL 8678445, slip op. at 15–16 (D. Or. 2016) (weighing prevailing party's reasoning for

2   videotaping depositions). Defendants claim deposition transcripts were "necessary for the case"

3   in that both parties extensively cited the transcript in their summary judgment briefings, and they

4   intended to use the videotaped deposition at trial. (Dkt. No. 148 at 6–7.) The use of the transcript

5   of Plaintiff's deposition in the summary judgment briefing might explain why the stenographic

6   reporting of the deposition was necessary, but it does not adequately explain why Defendants

7   also needed a videotaped deposition. Therefore, the Court disallows the amount sought for

8   videotaping. This is in addition to the $1,499.14 in expedited transcription charges that the Clerk

9   already disallowed. (*See* Dkt. No. 145 at 2.)

10          Defendants are, therefore, entitled to $7,704.08 in deposition costs.

11                  2.   E-Discovery

12          As promulgated, 28 U.S.C. § 1920(4) allows the prevailing party to recover document

13   copying costs. But the statute is now generally regarded to allow for recoupment of ancillary

14   costs associated with reproducing electronic materials.  *See In re Online DVD-Rental Antitrust*

15   *Litig.*, 779 F.3d 914, 926 (9th Cir. 2015). Therefore, a prevailing party can recover expenses

16   incurred for converting electronic materials to production formats, rendering them searchable

17   using optical character recognition, preserving the underlying metadata, and so on. *Id.* at 927–28.

18   But it cannot recover expenses incurred "leading up to, in conjunction with or after duplication"

19   of those materials. *Id.* at 928; *see Allvoice Developments U.S. LLC v. Microsoft Corp.*, Case No.

20   C10-2102-RAJ, Dkt. No. 264 at 6 (W.D. Wash. 2015) (disallowing costs for file loading,

21   exporting, management and hosting of the e-discovery database).

22          Defendants seek $17,859.16 in e-discovery/copy costs. (Dkt. No. 138-3 at 2–5.) This

23   includes outside vendor charges for certifying and handling medical records, as well as chargers

24

25

26

ORDER
C19-1992-JCC
PAGE - 4

1  for various internal support services.[3] (*Id*. at 6–13, 16, 18–19.) Defendants cannot recover the

2  majority of these costs since they do not relate to "making copies" of electronic or paper

3  documents. Instead, they relate to Defendants' use and maintenance of its e-discovery database,

4  as well as what could best be described as case management expenses.

5        Based on the Court's review, recoverable costs are limited to charges for invoice numbers

6  34131 ($191.54), 207629 ($224.04), and 93659 ($468.16), and charges for bill numbers 6862664

7  ($33.60) and 6871405 ($7.60). (*Id*. at 2, 14–15, 17.)

8                    3.   $400 Filing Fee

9        Plaintiff argues that it would be inequitable to tax her, a private plaintiff, for the costs

10  Defendants incurred to remove this case from King County Superior Court, which include this

11  Court's $400 filing fee. (Dkt. No 146 at 4–5.) But the statute explicitly permits taxing the clerk's

12  fee, which includes the filing fee. *See* 28 U.S.C. § 1920(1); *see also Boudjerada v. City of*

13  *Eugene*, 2021 WL 3926256, slip op. at 5 (D. Or. 2021) (finding filing fee plainly compensable

14  under the terms of 28 U.S.C. § 1920(1)).

15  **III.   CONCLUSION**

16        For the reasons described above, Plaintiff's motion to retax is GRANTED in part and

17  DENIED in part. Defendant may recover $7,704.08 in deposition costs, $924.94 in e-discovery

18  costs, and the $400 filing fee, for a total amount of $9,029.02. In addition, the Clerk is

19  DIRECTED to strike pages seven through nine from Plaintiff's reply brief (Dkt. No. 150) and

20  her untimely declaration and exhibits (Dkt. No. 152).

21  //

22  //

23  //

24  ————————————————————

25        [3] Those services include technical assistance and quality control, adding users to the
    database, performing ingestion activities, preparing documents for production, creating file

26  transfer sites for document production, loading production documents, and editing loaded files.
    (Dkt. No. 138-3 at 2–5.)

ORDER
C19-1992-JCC
PAGE - 5

1    DATED this 9th day of March 2022.

2

3

4    _____

5    John C. Coughenour
     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C19-1992-JCC
PAGE - 6